In the Matter of SEYMOUR ALPER, Petitioner, v JOHN E. GAFFNEY, Individually and as Deputy Director of the Office of Disaster and Emergency Services of the Town of Cortlandt, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination dismissing petitioner from his position with the Auxiliary Police of the Town of Cortlandt. Determination annulled, on the law, with costs, and petition granted to the extent that the respondent is directed to reinstate petitioner to his prior position and rank *nunc pro tunc.* The charge of misconduct that petitioner disobeyed an order

not to patrol a certain part of the Town of Cortlandt is not supported by substantial evidence in the record. Moreover, the charge that the petitioner refused to resign from the Auxiliary Police Benevolent Association cannot be sustained since, although a sergeant, he is not a managerial employee, as defined by section 201 (subd 7, par a) of the Civil Service Law, and is thus entitled to participate in an employee organization of his choosing, as provided by section 202 of the Civil Service Law. Furthermore, the charge that petitioner was guilty of insubordination in questioning the calling of a meeting scheduled for a day he observed as the sabbath cannot be sustained. Section 296 (subd 10, par [a]) of the Executive Law prohibits any employer from disqualifying any person from holding employment because of his observance of a particular sabbath. While section 296 (subd 10, par [c]) excepts positions dealing with health or safety, where the person holding the position must be available for duty whenever needed, petitioner, as an unpaid volunteer, is not thereby excluded from protection. Moreover, subdivision 7 of the section specifically prohibits any retaliation for opposing forbidden practices. In any case, petitioner's letter questioning the scheduling of the meeting can in no way be deemed insubordinate, considering its tone and content. Titone, J. P., Mangano, Rabin and Gibbons, JJ., concur.