■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of PAMELA A. MIKA, Formerly Known as PAMELA A. KRANZ, Petitioner, v BOARD OF COOPERATIVE EDUCATION SERVICES et al., Respondents. — Determination and order unanimously modified by reinstating the original complaint against the Board of Cooperative Education Services (BOCES) and, as modified, confirmed, without costs, and matter remitted to State Division of Human Rights for determination on the merits of the claim. Memorandum: Petitioner seeks review of an order of the Human Rights Appeal Board affirming the dismissal of her amended complaint which alleged discrimination because of disability. After having been accepted into the licensed practical nurse (LPN) training program of respondent BOCES, despite disclosure in her application of an epileptic condition, petitioner successfully completed one year of classroom training, phase I of the LPN program (P.N. I). Phase II of the program (P.N. II), consisting of one year of clinical instruction, was to have occurred at respondent Mercy Hospital (Mercy) during the year following petitioner's graduation from high school. Mercy allowed placement of P.N. II students in its facility pursuant to an affiliation agreement with BOCES. During July, 1976, two months prior to petitioner's scheduled start in P.N. II, a BOCES student with epilepsy allegedly suffered a grand mal seizure causing a newborn to be involved in a potentially serious accident. This prompted the BOCES coordinator to re-evaluate the admission of all epileptic students. In August of 1976 petitioner was informed she would be denied admission to P.N. II because BOCES was not satisfied with the terse attestations from two physicians certifying that petitioner's grand mal epilepsy is controlled by medication and that she is able to properly function as an LPN. After a hearing, the hearing officer determined that respondents were guilty of unlawful discrimination based on disability and recommended that the commissioner order respondents to pay petitioner $10,000 in compensatory damages. Upon review, the commissioner ruled: (1) that the proceeding against Mercy should be dismissed because it was time barred since Mercy was not joined as a party until November, 1977, 14 months after the alleged discrimination; (2) that the petitioner's disability was "related" to being an LPN and, therefore, BOCES had not committed unlawful "employment" discrimination under section 296 (subd 1-a, par [b]) of the Executive Law, and (3) that, because BOCES is a public educational institution, it is not an "education corporation or association" within the meaning of subdivision 4 of section 296 of the Executive Law and, therefore, not subject to the division's jurisdiction. We agree that the proceeding against Mercy should have been dismissed since it was time barred as stated in commissioner's point (1). We also agree that the commissioner properly dismissed petitioner's claim that BOCES violated section 296 (subd 1-a, par [b]) of the Executive Law by denying her admittance to an "occupational training * * * program". However, without passing upon the ground relied on by the commissioner in disposing of point (2), dismissal is required because BOCES, with respect to P.N. II, is not an employer. The term "employer" as used in section 296 is intended to be interpreted in its accepted and dictionary meaning (*Matter of Board of Higher Educ. v Carter*, 14 NY2d 138, 147). BOCES exists "for the purpose of carrying out a program of shared educational services in the schools of the supervisory district and for providing instruction in such special subjects as the [education] commissioner may approve" (Education Law, § 1950, subd 1). Petitioner's relationship to BOCES, accordingly, is educational in nature and lacks the mutually beneficial economic substance which is the touchstone of an employer/employee relationship. We disagree with the commissioner's ruling on point (3). BOCES is an education corporation organized and existing under section 1950 of the Education Law, nonsectarian and exempt from real property taxes under section 408 of the Real

Property Tax Law and falls within the definition of section 296 of the Executive Law. Although BOCES is also subject to section 313 of the Education Law, the Human Rights Division exercises concurrent jurisdiction over discrimination claims (*Matter of New York Univ. v New York State Div. of Human Rights,* 84 Misc 2d 702, affd 49 AD2d 821). (Proceeding pursuant to Executive Law, § 298.) Present — Dillon, P. J., Doerr, Denman and Moule, JJ.