■ In the Matter of NANCY SWEENEY, Petitioner, v BOARD OF EDUCATION OF THE ROCKY POINT UNION FREE SCHOOL DISTRICT, Respondent.—Proceeding pursuant to Executive Law § 298 to review an order of the New York State Division of Human Rights, dated August 29, 1984, which found no probable cause to believe that respondent engaged in an unlawful discriminatory practice relating to employment because of petitioner's psychiatric disability, and dismissed the complaint.

Order confirmed and proceeding dismissed, without costs or disbursements.

Petitioner was a resident of "The Way Back", a group home for those who had a history of psychiatric disability and whose goal was to obtain jobs and volunteer positions for its residents.

In February 1983, supervisors of the home contacted the principal of respondent's Joseph A. Edgar School, which educates children in grades four through six, stating that petitioner had about two years of college and wished to volunteer her services to the school in some capacity. From February through May 19, 1983, petitioner worked at the school as an unpaid volunteer. The principal did not notify the central administration of the school district of petitioner's presence on the school premises. Petitioner likewise did not go through any formal application, screening or interview procedure to obtain the position. In April 1983, when the superintendent of schools learned that the principal had created a volunteer position for petitioner without notifying or obtaining permission from the central administration of the school district, he told the principal to obtain additional background information about petitioner or she would have to leave. The record indicates that "The Way Back" responded by letter dated April 12, 1983, providing the principal with general information about the organization and its goals, but no specific information about petitioner. In May 1983 the principal spoke to petitioner about the necessity for her to go out into the world, and on May 19, 1983, wrote a letter to her expressing his regret at seeing her leave her volunteer position at the school.

On December 5, 1983, petitioner filed a complaint with the New York State Division of Human Rights (hereinafter the Division) charging the respondent with an unlawful discriminatory employment practice in discharging her from her position based upon her psychiatric disability.

After an investigation of the complaint, submission by the parties of numerous affidavits, and conferences on the matter, the Division, by order dated August 29, 1984, found that there was no probable cause to believe that respondent engaged in the unlawful discriminatory practice complained of and ordered the complaint dismissed. The determination was based upon the finding that petitioner was never an employee of respondent and therefore was not "dismissed from employment".

Upon review of the record, we find that there is sufficient evidence in the record to support the determination (*see, State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.*, 48 NY2d 276; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176).

The protection of Executive Law § 296 does not extend to petitioner's unpaid, voluntary relationship with respondent's school which lacked "the mutually beneficial economic substance which is the touchstone of an employer/employee relationship" (*State Div. of Human Rights v Board of Coop. Educ. Servs.*, 98 AD2d 958).

While Executive Law § 296 (9) does expressly cover volunteer firemen, the Legislature's failure to include other voluntary, unpaid positions evidences its intent not to extend the protection of the statute to all voluntary positions (*cf. Matter of Alper v Gaffney*, 73 AD2d 644; McKinney's Uncons Laws of NY § 9122 [4] [b] [New York State Defense Emergency Act § 22; L 1951, ch 784, § 22 as amended]). Brown, J. P., O'Connor, Weinstein, and Rubin, JJ., concur.