In the Matter of WALTER A. ENGEL, JR., Petitioner, v CALGON CORPORATION, a Subsidiary of MERCK & COMPANY, INC., Respondent.

Third Department, February 6, 1986

## APPEARANCES OF COUNSEL

*Walter A. Engel, Jr., pro se,* and *James W. Cooper* for Walter A. Engel, Jr., petitioner.

*Epstein, Becker, Borsody & Green (William A. Carmell* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

In April 1984, petitioner, age 51, filed a complaint with the State Division of Human Rights (Division), charging that he had been unlawfully discriminated against by Calgon Corporation on the basis of his age. Petitioner was engaged by Calgon in a sales capacity under the terms of a written contract which permitted termination upon the giving of 30 days' notice. Calgon terminated the contract in June 1983. Petitioner alleged that he was dismissed from his position with Calgon and also subjected to discrimination during the course of his service with Calgon in that he was denied equal terms, conditions and privileges of employment *(see,* Executive Law § 296 [1] [a]). Petitioner concurrently made application for benefits under the Unemployment Insurance Law (Labor Law art 18).

The Division ruled that it lacked jurisdiction to accept petitioner's discrimination complaint and, accordingly, dismissed it. That decision was predicated on the Division's determination that petitioner was not an employee of Calgon, but rather an independent contractor. In reaching that decision, the Division had before it the contract between petitioner and Calgon, the decisions made at the various stages of appeal in the unemployment insurance proceeding, as well as submissions and written arguments of the parties. The contract required petitioner to pay his own travel and other related expenses. It specifically noted that an employer-employee relationship was not being created. He was referred to as a "commission agent". Petitioner's work hours and day-to-day routine were under his control. Based upon the evidence before it, the Division could rationally determine that petitioner was an independent contractor rather than an employee of Calgon.

Petitioner contends that because the Unemployment Insurance Appeal Board (Board) found him to have been an employee for purposes of his claim for unemployment insurance benefits *(Matter of Engel [Calgon Corp.—Roberts],* — AD2d — [decided herewith]), the Division should be collaterally estopped from making a different determination in this proceeding. We disagree.

The Court of Appeals has held that collateral estoppel effect will be given to quasi-judicial determinations of administrative agencies "when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 499). In determining whether collateral estoppel is applicable, a crucial inquiry is whether the issue on which estoppel is sought was necessarily decided in the prior agency decision *(supra,* at pp 500-501). Since administrative agencies are normally charged with making determinations based on unique, and often times complex, statutes and regulations which apply specifically to them, care must be taken in identifying the precise issue necessarily decided in the first proceeding and comparing it to the issue involved in the second proceeding. Such inquiry is not particularly difficult when the question is whether to give collateral estoppel effect to determinations of pure or evidentiary facts *(see,* Siegel, NY Prac § 463, at 612). However, where the determination involves an ultimate fact, or more appropriately a mixed issue of fact and law, the inquiry is more troublesome. This is so because the Legislature normally vests great discretion in an agency to rule on such an issue based on what considerations the agency believes are most appropriate. Thus, agency decisions on such ultimate facts are imbued with policy considerations as well as the expertise of the agency.

In the instant case, the issue before both agencies, i.e., whether petitioner was an employee of Calgon, appears at first glance to be identical. However, Labor Law § 511 (1) (a) broadly defines employment as "any service under any contract of employment for hire, express or implied, written, or oral". The Human Rights Law does not define employment, but it has been held that the word is intended to be interpreted in its accepted and dictionary meaning *(State Div. of Human Rights v Board of Coop. Educ. Servs.,* 98 AD2d 958, *appeal dismissed* 62 NY2d 645; *see, Matter of Board of Higher Educ. v Carter,* 14 NY2d 138, 147). Thus, the term is not

defined identically under each statute and each agency may determine which factors it considers most appropriate. Employment is an ultimate fact, as opposed to the evidentiary facts upon which the conclusion regarding employment must be based.

This situation is not unlike that found in civil actions where an ultimate fact is involved. In *Hinchey v Sellers* (7 NY2d 287), a New Hampshire court found, in a declaratory judgment action between a driver of a car which had been involved in an accident and the car owner's insurer, that the driver had not been driving the car with permission. In a later New York action grounded on the statute imputing a driver's conduct to the car owner when the car is being operated with the owner's permission,[1] the owner sought to have collateral estoppel effect given to the New Hampshire court's finding that the driver was operating the car without permission. The Court of Appeals held that, while the issue appeared on the surface to be identical, it was not since permission under the insurance policy was different from permission under the statute, despite the fact that they did not actually define the term differently. Thus, collateral estoppel was not automatically applicable. However, the Court of Appeals went on to find that certain essential and purely factual determinations made by the New Hampshire court in support of its finding of no permission were entitled to collateral estoppel effect and were determinative of the issue of permission under the New York statute. Analogously, in the instant case, the issue of employment under the Labor Law is not identical to the issue of employment under the Human Rights Law. Further, while the evidentiary facts upon which the decision of the Board was based may well be entitled to collateral estoppel effect, the Human Rights Law does not set forth the determinative criteria for finding employment, but commits such issue to the discretion of the Division. Thus, unlike *Hinchey,* we cannot say that the evidentiary findings of fact made by the Board mandate any particular resolution of the issue of employment under the Human Rights Law.

Finally, this result is not at odds with the decision of the Court of Appeals in *Ryan v New York Tel. Co.* (62 NY2d 494, *supra),* wherein a decision of the Board denying a claimant benefits because he was discharged for misconduct was held to preclude his later tort and breach of contract action against

---

1. Vehicle and Traffic Law former § 59 (renum § 388).

his employer. It was not the Board's finding on the ultimate fact of misconduct which was given preclusive effect, but, rather, its findings that (1) the claimant was guilty of unauthorized removal of his employer's property and (2) he was discharged for that reason *(supra,* at p 502).[2] These evidentiary facts were found to be dispositive of the civil action.

In conclusion, since the issue of employment is an ultimate fact, the resolution of which is committed to the discretion of the Unemployment Insurance Appeal Board and the Division of Human Rights under independent bodies of law, there is no identity of issue and the Board's finding of employment does not automatically mandate a similar finding by the Division. Accordingly, the Division's determination must be confirmed.

HARVEY, J. (concurring). We concur with the opinion of Presiding Justice Mahoney for the reasons stated. However, we would confirm for an additional reason. In our view, the doctrines of res judicata and collateral estoppel have undergone an extensive process of refinement, particularly during the last 25 years. Heretofore, however, no appellate court has addressed the special problem created by the "substantial evidence" standard of proof applicable to most administrative determinations. Administrative decisions do not require a preponderance of the evidence *(Matter of Acosta v Wollett,* 55 NY2d 761; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179-180). In many instances, courts find substantial evidence supporting both sides of an issue but do not disturb the administrative agency's decision *(see, Matter of Concourse Ophthalmology Assoc. [Roberts],* 60 NY2d 734, 736; *Matter of Clute v Chu,* 106 AD2d 841, 843). In our view, giving estoppel effect to such decisions effectively denies a litigant his day in court. When an administrative decision is made on less than a preponderance of proof, no agency should be denied its right of determination merely because another agency had previously made a determination on the same evidence.

CASEY, J. (dissenting). I cannot agree that collateral estoppel is inapplicable in the circumstances of this case.

The Court of Appeals recently "made clear that the doctrines of *res judicata* and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of

---

2. The meaning of the term "misconduct" for purposes of the Unemployment Insurance Law is narrower than the meaning of the same term for the purpose of justifiable discharge *(Matter of Hulse [Levine],* 41 NY2d 813, 814).

administrative agencies * * * when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 499 [citations omitted]). In *Matter of Schimmel (Roberts)* (101 AD2d 681), the Unemployment Insurance Appeal Board (Board) ruled that a claimant was ineligible for benefits because he lost his employment through misconduct in fighting with a co-worker. In a prior administrative proceeding, however, the co-worker had been granted benefits upon a finding that there had been no fight. We affirmed the Board's decision since the issue of misconduct was different as to each employee, but we made the following relevant statements: "The Attorney-General contends that the Board's decision must be affirmed since there is substantial evidence in the record to support it. Implicit in this argument is the suggestion that where there is conflicting evidence on a factual issue, the Board has not only the power to resolve the factual issue by choosing which version of the conflicting evidence to believe, but it can also resolve the same issue differently in different proceedings by accepting both versions of the conflicting evidence. Thus, under this theory, our review would be limited to searching the record for evidence to support the finding, without regard to whether the factual issues previously had been determined in separate but related proceedings. We reject this argument, for the Board is bound by the doctrine of issue preclusion, which bars the relitigation of discrete factual issues *(Matter of Ranni [Ross],* 58 NY2d 715, 717). Thus, this court must inquire into the effect of the prior decision" *(supra,* p 681).

The same rationale should apply where, as here, the proceedings were held before unrelated administrative bodies. "What is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding" *(Ryan v New York Tel Co., supra,* p 500).

In both the prior proceeding before the Board and the instant proceeding before the State Division of Human Rights (Division), the issue was whether petitioner was an employee or an independent contractor. The prior proceeding considered the issue in the context of Labor Law article 18, while the issue herein was decided under Executive Law article 15. It must be determined whether this distinction renders the issues sufficiently different to justify conflicting results. I think not.

It is noteworthy that the Division made no attempt to provide any rational basis for reaching a different conclusion under the Executive Law than had been determined under the Labor Law. The term "employer" is not defined in Executive Law article 15, but it is intended to be interpreted in its accepted and dictionary meaning *(Matter of Board of Higher Educ. v Carter,* 14 NY2d 138, 147; *State Div. of Human Rights v Board of Coop. Educ. Servs.,* 98 AD2d 958, *appeal dismissed* 62 NY2d 645). The Labor Law, on the other hand, contains a brief definition of "employer" (Labor Law § 512) and an extensive definition of "employment" (Labor Law § 511). But, in *Matter of Morton (Miller)* (284 NY 167, 172), the court concluded that the "general concept, evolved by a long line of tort cases and expressed by many eminent writers on the subject", also applicable in workers' compensation cases, should be applied in reviewing decisions of the Board on the employee/ independent contractor issue. The Court of Appeals has recently cited the *Morton* case favorably where a Board's decision under the Labor Law was involved *(Matter of Villa Maria Inst. of Music [Ross],* 54 NY2d 691, 692) and where an issue of employment had arisen in another context *(Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau,* 53 NY2d 559, 563-564). It is also significant that in reviewing a Board decision on the employee/independent contractor issue, the Court of Appeals cited to *Matter of Liberman v Gallman* (41 NY2d 774), a case involving a similar issue under the Tax Law *(Matter of Villa Maria Inst. of Music [Ross], supra).* Accordingly, it is my view that the issue of whether a person is an employee or an independent contractor must be decided under the same general principles, whether it arises under Labor Law article 18 or Executive Law article 15. Thus, the issues are identical for collateral estoppel purposes.

Collateral estoppel, of course, cannot be applied against a party who has not had a full and fair opportunity in the prior proceeding to contest the issue now said to be controlling *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485), but Calgon cannot make such a claim.

Having concluded that Calgon is precluded from relitigating the question of whether petitioner is an employee, I would annul the Division's determination.

KANE, J., concurs with MAHONEY, P. J.; HARVEY and MAIN,

JJ., concur in a separate opinion by HARVEY, J.; CASEY, J., dissents and votes to annul in an opinion.

Determination confirmed, and petition dismissed, without costs.