REQUESTED BY: Lawrence R. Myers, Executive Director Nebraska Equal Opportunity Commission
Question No. 1: Does the definition of an employee under the Nebraska Fair Employment Practice Act encompass independent contractors?
Question No. 2: Is the Nebraska Fair Employment Practice Act's interpretation of independent contractors consistent with the Equal Employment Opportunity Commission's (EEOC) interpretation?
Answer: No.
Answer: No.
In response to your request for a formal written opinion regarding the scope of the Nebraska Equal Opportunity Commission's (NEOC) definition of employee, we believe that independent contractors are not included within the definition of an employee. Although the Nebraska Supreme Court has not approached this issue, Nebraska statutes, a past Nebraska Attorney General's Opinion, and case law from other states have indicated that independent contractors should be distinguished from employees.
The Nebraska Fair Employment Practice Act, Section48-1102(6) provides: "Employee shall mean an individual employed by an employer".
Neb.Rev.Stat. § 48-604(5) (Reissue 1988) defines employment as:
 "Services performed by an individual for wages shall be deemed to be employment, unless it be shown to the satisfaction of the commissioner that (a) such individual has been and will continue to be free from control or direction over the performance of such services, both under his or her contract of service and in fact, (b) such service is either outside the usual course of the business for which such service is performed or such service is performed outside of all the places of business of the enterprise for which such service is performed, and (c) such individual is customarily engaged in an independently established trade, occupation, profession, or business. The provisions of this subdivision are not intended to be a codification of the common law and shall be considered complete as written."
The above definition of employment expressly excludes individuals free from control or direction over their performance service outside the usual course of business and individuals engaged in independent trade or businesses. "An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of an undertaking." Restatement, Second Agency, § 2. Therefore, independent contractors are not included within Neb.Rev.Stat. § 48-604(5) definition of employment. Furthermore, an independent contractor cannot be included within the Nebraska Fair Employment Practice Act's, §48-1102(6) definition of employee because an independent contractor does not satisfy the "employment" definition of Neb.Rev.Stat. § 48-604(5).
The issue of distinguishing between employees and independent contractors has been addressed in a past Nebraska Attorney General's Opinion No. 70-3-227, dated May 12, 1970. Our office concluded that insurance agents were independent contractors, not employees. In addition, it is our position that independent contractors were distinguished from employees in regard to Civil Rights legislation.
Case law from other states has distinguished employees from independent contractors in discrimination cases. In Comey v. Hill, 387 Mass. 11, 438 N.E.2d 811, the Supreme Judicial Court of Massachusetts stated: "Under employment discrimination law, definition of term `employee' is not so broad as to encompass independent contractors." Id. at 812. See also Engel v. Calgon Corp., 498 N.Y.S.2d 877, 114 A.D.2d 108, Mehtani v. New York Life Ins. Co., 537 N.Y.S.2d 800, (A.D. 1 Dept. 1989) and Cavanaugh v. Nationwide Mutual Insurance Co., 65 Ohio App.2d 123, 416 N.E.2d 1059.
On September 4, 1987, the EEOC developed a more broad policy that could include independent contractors in discrimination suits. The EEOC has primarily focused on the business interests of the Charging Party and Respondent instead of the existence of an independent contract relationship. In addition, the very broad test, economic realities, has been implemented to the Title VII context. This test provides several factors such as extent of control or kind of occupation that can allow independent contractors to be within the scope of Title VII.
Neb.Rev.Stat. § 48-604(5) (Reissue 1988) and the Nebraska Fair Employment Act, § 48-1102(6) exclude independent contractors from the definition of an employee. In addition, the past Attorney General's Opinion No. 70-3-227 has concluded that independent contractors were not to be included in Civil Rights legislation. Lastly, case law from New York and Massachusetts has prohibited independent contractors from making charges in discrimination suits. Therefore, the policy of the NEOC is not consistent with the current broad interpretation of independent contractor relationship by the EEOC.
Respectfully submitted,
BY ROBERT M. SPIRE, #13977 Attorney General
BY ______________________________ Donald E. Hyde, #11990 Assistant Attorney General 2115 State Capitol Lincoln, NE 68509 Tel: (402) 471-2682