■ In the Matter of the Claim of CHRISTINA COLLINS, Respondent. COUNTY OF STEUBEN, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 30, 1989, which ruled that claimant is an employee of the County of Steuben for the purpose of establishing liability for unemployment insurance contributions.

A Steuben County resident hired claimant to provide home care for his ill and homebound mother in November 1986. Effective February 1, 1987, the mother became eligible for Medicaid benefits. At that time, the county assumed responsibility for paying claimant's wages and Gail Sick, an employee of the county's Public Health Services Department, met with claimant to define the scope of her responsibilities. Sick described her position as being akin to that of a field supervisor except that she lacked authority to resolve major complaints. Thus, while Sick was unable to terminate claimant's employment, she was available for emergency consultation and periodically visited the work environment. If claimant wished to perform any activity not included on a checklist of her duties prepared by the department, prior clearance from Sick was necessary. To ensure that the county paid claimant only for those services actually provided, it required her to submit the completed checklist weekly to Sick; Sick then forwarded the

form to the department, which verified it and sent it to payroll for payment.

The county maintains that the Unemployment Insurance Appeal Board erred when it sustained the Commissioner of Labor's determination that the county was claimant's employer and liable for additional contributions based on remuneration paid to claimant and other similarly situated individuals.

The county contends that pursuant to Department of Social Services regulations it is only required to conform with State and Federal requirements for unemployment insurance benefits when the level of personal care services to be performed by one like claimant is more than level I, described as environmental and nutritional support functions (see, 18 NYCRR 505.14 [a] [6] [i]). The county further claims that it is undisputed claimant performed only level I services; accordingly, it need not provide unemployment insurance for claimant (see, 18 NYCRR 505.14 [d] [2] [vii] [d]). In a complimentary argument, the county asserts that a finding that claimant is an employee for unemployment insurance purposes frustrates the object and provisions of the Civil Service Law for the county has not created any employment position for claimant.

Even crediting the county's interpretation of these Department of Social Services regulations, the fact remains that their existence is an insufficient predicate upon which to base a finding that claimant's relationship with the county was not that of an employee (see, Matter of 12 Cornelia St. [Ross], 56 NY2d 895, 898). Furthermore, the Board's determination that a particular claimant is an employee for purposes of that person's unemployment insurance benefits claim does not preclude the Civil Service Commission from reaching a different conclusion (cf., Matter of Engel v Calgon Corp., 114 AD2d 108, 110-111, affd 69 NY2d 753).

As there is ample evidence in the record as a whole to justify the Board's finding that the county exercised sufficient direction and control over claimant's methods and means of employment, the decision that an employment relationship existed must stand (see, Matter of Concourse Ophthalmology Assocs. [Roberts], 60 NY2d 734, 736).

Decision affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.