■ BALLA TOUNKARA, Plaintiff, v ANTHONY FERNICOLA et al., Defendants and Third-Party Plaintiffs-Appellants. CANADIAN ARCTIC BUILDERS CORP., Third-Party Defendant-Respondent. [883 NYS2d 27]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered May 30, 2008, which, in an action under the Labor Law for personal injuries, and a third-party action by defendants project owner and general contractor (collectively AMF) against plaintiff's purported employer (Canadian Arctic), granted Canadian Arctic's motion to reargue its prior motion to dismiss the third-party complaint on the ground of collateral estoppel, and, upon reargument, vacated the prior order denying Canadian Arctic's motion to dismiss the third-party complaint and granted the motion, unanimously reversed, on the law, without costs, the motion to reargue denied and the third-party complaint reinstated.

A workers' compensation board judge determined that at the time of the accident, plaintiff was employed not by Canadian Arctic but by nonparty Mt. Moriah. The motion court initially decided that this administrative determination had no collateral estoppel effect on AMF's contractual indemnity claim against Canadian Arctic, and denied Canadian Arctic's motion to dismiss. Subsequently, Canadian Arctic moved to reargue on the ground that the court overlooked evidence, first submitted in its reply papers on its motion to dismiss, of another court's decision to give collateral estoppel effect, in favor of Canadian Arctic and against AMF, to another workers' compensation judge's determination that another worker (Hamilton), who had been injured at the same job site one day after plaintiff's accident, was employed by Mt. Moriah, not Canadian Arctic. The motion court granted reargument, vacated its prior decision, gave collateral estoppel effect to the compensation judge's determination that plaintiff was not employed by Canadian Arctic, and dismissed AMF's third-party complaint against Canadian Arctic.

Canadian Arctic's motion for reargument did not establish that the court overlooked or misapprehended any issue of law or fact that was properly raised in its original motion, and was improperly based on argument that Canadian Arctic had improperly raised for the first time in its reply papers on the original motion (see *Yasgour v City of New York*, 169 AD2d 673, 674 [1991]; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625-626 [1995]). Accordingly, we reverse the granting of reargument.

In any event, were we to consider all of Canadian Arctic's arguments raised in its reargument motion, we would conclude that the motion court's initial decision was correct. Canadian Arctic failed to establish an identity of issues between the compensation proceeding, which involved whether Canadian Arctic was plaintiff's employer for purposes of workers' compensation coverage, and the instant third-party action, which involves whether Canadian Arctic was plaintiff's employer for purposes of the indemnification provision in the construction subcontract between AMF and Canadian Arctic, and raises many issues, not raised in the compensation proceeding, bearing on the relationship between Canadian Arctic and Mt. Moriah, and on the course of dealing between Mt. Moriah, Canadian Arctic and AMF (*see O'Gorman v Journal News Westchester*, 2 AD3d 815, 817 [2003]). Nor did AMF have a full and fair opportunity to litigate the issue of Canadian Arctic's employer status in the compensation proceeding, where it was not a party to the compensation proceeding and had no direct stake in its outcome except for its potential collateral estoppel effect on this case (*see Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 154-155 [1988]; *Liss v Trans Auto Sys.*, 68 NY2d 15 [1986]), and where the determination that plaintiff was not employed by Canadian Arctic rested on the unchallenged testimony of Canadian Arctic's owner (*see generally Jeffreys v Griffin*, 1 NY3d 34, 41 [2003]). That AMF testified as a nonparty in the Hamilton compensation proceeding does not require a different result (*see Liss*, 68 NY2d at 22). Concur—Mazzarelli, J.P., Saxe, Catterson, DeGrasse and Abdus-Salaam, JJ.