■ Maria Auqui et al., Appellants, v Seven Thirty Limited Partnership et al., Respondents. [920 NYS2d 79]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 7, 2009, which, insofar as appealed from, as limited by the briefs, granted defendants' motion to preclude plaintiffs from litigating the issue of plaintiff Jose Verdugo's

accident-related disability beyond January 24, 2006, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered on or about December 8, 2009, which, inter alia, upon granting reargument and renewal, adhered to the prior determination, unanimously dismissed, without costs, as academic.

The motion court erred in according collateral estoppel effect to the determination of the Workers' Compensation Law Judge that plaintiff's post-January 24, 2006 disability was not causally related to his December 24, 2003 accident. The determination that workers' compensation coverage would terminate as of a certain date for plaintiff's injuries (including head, neck and back injuries, and depression and posttraumatic stress disorder, which are not disputed, and which were caused when plaintiff was struck in the head by a falling sheet of plywood in the course of his employment) is not, nor could it be, a definitive determination as to whether plaintiff's documented and continuing injuries were proximately caused by defendants' actions. While factual issues necessarily decided in an administrative proceeding may have collateral estoppel effect, it is well settled that "an administrative agency's final conclusion, characterized as an ultimate fact or mixed question of fact and law, is not entitled to preclusive effect" (*Akgul v Prime Time Transp.*, 293 AD2d 631, 633 [2002]; *see Tounkara v Fernicola*, 63 AD3d 648 [2009] [no identity of issues between proceeding before Workers' Compensation Board, which involved determination of whether party was plaintiff's employer for purposes of workers' compensation coverage, and third-party action, which involved determination of whether party was plaintiff's employer for purposes of indemnification provision]). The agency's determination on ultimate facts, as opposed to mere evidentiary facts, is imbued with policy considerations as well as the agency's expertise (*see Matter of Engel v Calgon Corp.*, 114 AD2d 108, 110 [1986], *affd* 69 NY2d 753 [1987]). Therefore, the Workers' Compensation Board's determination is not entitled to preclusive effect because it involved the ultimate issues of disability and proximate cause, which were committed to the Board's discretion. Indeed, the October 13, 2009 guardianship order that was the partial basis for plaintiffs' renewal motion raises an issue of fact as to the cause of plaintiff's ongoing disability sufficient to warrant denial of defendants' motion. Concur—Mazzarelli, J.P., DeGrasse and Manzanet-Daniels, JJ.

Sweeny and Catterson, JJ., dissent in a memorandum by Catterson, J., as follows: Because I believe that the duration of plaintiff's disability was an evidentiary determination fully and

fairly litigated by him at the Workers' Compensation proceeding terminating his benefits, he should be precluded from relitigating the issue of continuing disability in this personal injury action. Furthermore, in my opinion, the uncontested appointment of a guardian for the plaintiff more than three years later does not raise a triable issue of fact as to when his work-related disability ended. Therefore, I respectfully dissent.

The plaintiff, a food service deliveryman, was injured on December 24, 2003 when a sheet of plywood allegedly fell from a building under construction owned by defendant Seven Thirty One Limited Partnership. Defendant Bovis Lend Lease LMB, Inc. was the construction manager, and defendant Northside Structure, Inc. was the concrete superstructure subcontractor. The plaintiff's claim for Workers' Compensation (hereinafter referred to as WC) benefits was approved, and he was compensated for treatment of his head, neck, and back injuries, as well as posttraumatic stress disorder and depression. While receiving benefits, the plaintiff commenced this personal injury action in Supreme Court in 2004.

The following year, in December 2005, while this action was pending, the insurance carrier for the plaintiff's employer moved the WC Board to discontinue plaintiff's benefits on the grounds that he was no longer disabled from the accident. In the January 2006 WC proceeding, the Administrative Law Judge (hereinafter referred to as ALJ) reviewed the evidence and expert testimony submitted by the plaintiff and the insurance carrier. The ALJ found that the plaintiff no longer suffered any disability as of January 24, 2006 and terminated his benefits. The plaintiff appealed, but on February 1, 2007, a full panel of the WC Board concluded that the plaintiff was no longer disabled as of January 24, 2006, and required no further treatment.

In April 2009, the defendants in the instant personal injury action moved to preclude the plaintiff from relitigating the duration of his work-related injury on the grounds that the issue was already fully litigated and decided in the WC administrative proceeding. While the motion was pending in Supreme Court, the plaintiff's attorney commenced a separate Mental Hygiene Law article 81 proceeding to appoint a guardian for the plaintiff. On October 7, 2009, Supreme Court granted the defendants' motion to preclude.

Based on uncontested evidence of incapacity, the plaintiff's sister-in-law and wife were appointed as coguardians on October 13, 2009. The plaintiff then moved for leave to renew and/or reargue the defendants' motion in Supreme Court on the grounds that, inter alia, the guardianship order raised a triable

issue of fact with regard to the plaintiff's ongoing work-related disability. By order and decision dated December 3, 2009, Supreme Court granted the plaintiff's motion, but nonetheless adhered to its earlier determination that the plaintiff was precluded from relitigating his ongoing disability.

On appeal, the plaintiff argues that Supreme Court erred because there is no identity of issues between the causation element in a WC determination and proximate cause in a personal injury claim. In addition, the plaintiff asserts that Supreme Court further erred because the appointment of a guardian raises a triable issue of fact with regard to the plaintiff's ongoing disability.

The defendants argue that the WC determination that the plaintiff's disability ended on January 24, 2006 was factual and identical to the issue in the personal injury action, and, further, that the plaintiff had a full and fair opportunity to litigate that question before the ALJ. Therefore, he should be precluded from relitigating whether his disability extended beyond that date. For the reasons set forth below, I agree with the defendants.

The doctrine of collateral estoppel is applicable where the issue in the current litigation is identical to a material issue decided in a prior proceeding, and the party to be precluded had a full and fair opportunity to litigate the issue in that proceeding. (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]; *Matter of Abady*, 22 AD3d 71, 81 [1st Dept. 2005].)

It is well settled that a final determination by a quasi-judicial administrative agency may be accorded preclusive effect. (*Ryan*, 62 NY2d at 499.) The Workers' Compensation Board has been deemed to be such a quasi-judicial administrative agency. (*See e.g. Rigopolous v American Museum of Natural History*, 297 AD2d 728 [2d Dept 2002]; *Lee v Jones*, 230 AD2d 435 [3d Dept 1997], *lv denied* 91 NY2d 802 [1997]; *Matter of Maresco v Rozzi*, 162 AD2d 534 [2d Dept 1990].)

Although an agency's ultimate conclusion of mixed law and fact is not entitled to preclusive effect, collateral estoppel may be applied to determinations of specific evidentiary facts essential to that conclusion. (*Matter of Engel v Calgon Corp.*, 114 AD2d 108, 111 [3d Dept 1986], *affd* 69 NY2d 753 [1987], citing *Hinchey v Sellers*, 7 NY2d 287 [1959]; *see e.g. Ryan*, 62 NY2d at 502 [while the ultimate fact of misconduct was not entitled to collateral estoppel effect, determinations of material factual issues by the ALJ in the plaintiff's unemployment claim precluded relitigation of those issues in his wrongful discharge action].)

Here, the evidentiary fact necessarily determined in the WC

proceeding was that the plaintiff was no longer disabled *at all* beyond January 24, 2006. The decision of the ALJ clearly indicates that the plaintiff's claim of continuing disability was rejected because he failed to present sufficient medical evidence to show any disability after that date. Observing that the plaintiff's cane appeared to be "merely a prop," the ALJ credited the defendants' orthopedic expert opinion that the plaintiff's test results were normal and necessarily rejected the testimony of the plaintiff's neurologist. Furthermore, the ALJ completely discounted the plaintiff's treating psychiatrist's opinion that the plaintiff suffered permanent psychiatric disability, noting that inconsistencies in the doctor's responses rendered his testimony not credible.

Determination of the duration of the plaintiff's work-related disability was material and the very point of the WC proceeding, and is the exact issue that the defendants seek to preclude the plaintiff from litigating in the personal injury action. Additionally, the plaintiff's representation by an attorney, presentation and cross-examination of expert testimony, and submission of medical reports, assured that he had a full and fair opportunity to litigate the issue.

In my opinion, the majority is mistaken in its characterization of the ALJ's determination as an ultimate fact involving disability and proximate cause. An agency's determination of an ultimate fact as opposed to a "pure or evidentiary fact[ ]" is based upon analysis of "unique, and often times complex, statutes and regulations which apply specifically to [that agency]." (*Engel*, 114 AD2d at 110.)

That is not the case here. There is no indication that the ALJ considered causation at all much less that the decision analyzed causation in the specific context of WC claims. The defendants did not contest whether the plaintiff's injuries were related to an on-the-job accident, or offer any proof that his claimed disability was caused by a prior non-work-related incident. The ALJ did not interpret complex statutes or regulations, but rather evaluated the credibility of each party's medical testimony to determine if the plaintiff was still disabled.

Nor is the duration of the plaintiff's disability an ultimate fact in the personal injury action. The length of time that a plaintiff is disabled is relevant to the quantum of damages, an evidentiary factual determination, not, as the plaintiff asserts, a mixed issue of law and fact involving proximate cause.

Moreover, the majority's reliance on *Engel, Akgul*, and *Tounkara* is entirely misplaced. The agency decisions at issue in these cases all deal with the classification of parties based upon

statutory definitions. (*See Tounkara v Fernicola*, 63 AD3d 648, 650 [1st Dept 2009]; *Akgul v Prime Time Transp.*, 293 AD2d 631, 633 [2d Dept 2002]; *Engel*, 114 AD2d at 110-111 [the National Labor Relations Board's definition of the plaintiffs as employees did not preclude a finding that they were defined as subcontractors by the Division of Human Rights].) In Tounkara, the decision not to give collateral estoppel effect to a WC determination was also based on the fact that the third-party plaintiff to be precluded was not a party to the WC proceeding and therefore had no prior full and fair opportunity to litigate. (*Tounkara*, 63 AD3d at 650.) Here, there is a total identity of issues with regard to the factual determination of the duration of the plaintiff's disability, and this plaintiff had a full and fair opportunity to litigate at the WC proceeding.

Furthermore, the plaintiff's guardianship order does not raise a triable issue of fact with regard to the ALJ's determination, or have any bearing on the application of collateral estoppel in the personal injury action. The appointment of a guardian is a highly discretionary, flexible decision taking into account the individual needs of the incapacitated person, and his wishes and preferences. (*See* Mental Hygiene Law § 81.01.) In the plaintiff's article 81 proceeding, the appointment of his wife and sister-in-law as guardians was unchallenged and fully supported by the plaintiff. The same psychiatrist that testified before the ALJ also testified in the guardianship proceeding; however, in the guardianship proceeding there was no evidence required to rebut the plaintiff's claimed incapacity or show that his incapacity more than three years later was unrelated to the accident. As such, a determination of incapacity based upon the same testimony that was discredited by the WC ALJ does not raise a triable issue of fact warranting denial of the defendant's motion.