[985 NE2d 889, 962 NYS2d 579]

MARIA AUQUI, as Guardian of the Property of JOSE VERDUGO, et al., Respondents, v SEVEN THIRTY ONE LIMITED PARTNER-SHIP et al., Appellants.

Argued January 8, 2013; decided February 14, 2013

APPEARANCES OF COUNSEL

*Mauro Lilling Naparty LLP*, Woodbury (*Richard J. Montes* and *Matthew W. Naparty* of counsel), for appellants.

*Law Offices of Annette G. Hasapidis*, South Salem (*Annette G. Hasapidis* of counsel), and *Schwartz, Goldstone & Campisi, LLP*, New York City (*Herbert Rodriguez, Jr.*, of counsel), for respondents.

*Michael Jaffee*, New York City, and *Brian J. Isaac* for New York State Trial Lawyers Association, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, defendants' motion to preclude plaintiffs[*] from litigating the issue of plaintiff Jose Verdugo's accident-related disability beyond January 24, 2006 granted, and the certified question answered in the negative.

Plaintiff, a food service deliveryman, was injured on December 24, 2003 when a sheet of plywood fell from a building under construction owned by defendant Seven Thirty One Limited Partnership. Plaintiff was compensated for treatment of his head, neck, and back injuries, as well as post-traumatic stress disorder and depression. While receiving workers' compensation (WC) benefits, plaintiff commenced this personal injury action in Supreme Court in 2004. The following year, in December 2005, while this action was pending, the insurance carrier for plaintiff's employer moved the Workers' Compensation Board (WCB) to discontinue plaintiff's benefits on the grounds that he was no longer disabled as a result of the accident. In January 2006, in a WC proceeding, an Administrative Law Judge (ALJ) reviewed the evidence and expert testimony submitted by the plaintiff and the insurance carrier. The ALJ found that Jose Verdugo no longer suffered any disability as of January 24, 2006 and terminated his benefits. Plaintiff appealed, but on February 1, 2007, a full panel of the WCB affirmed the finding that plaintiff's disability ended on January 24, 2006, and that plaintiff required no further medical treatment thereafter, other than for post-traumatic stress disorder.

In April 2009, the defendants in the instant personal injury

---

[*] Plaintiffs are Maria Verdugo and Maria Auqui, who is the guardian of Jose Verdugo.

action moved to preclude plaintiffs from relitigating the duration of his work-related injury on the grounds that the issue was already fully litigated and decided in the WC administrative proceeding. While the motion was pending in Supreme Court, the plaintiffs' attorney commenced a separate Mental Hygiene Law article 81 proceeding to appoint a guardian for Jose Verdugo. This proceeding was uncontested and a guardian was appointed.

The doctrine of collateral estoppel is applicable to determinations of quasi-judicial administrative agencies such as the WCB (*Brugman v City of New York*, 102 AD2d 413, 415 [1st Dept 1984], *affd* 64 NY2d 1011 [1985]). Collateral estoppel applies if the identical issue sought to be precluded was necessarily decided in an earlier action, at which the party opposing preclusion had a full and fair opportunity to contest the issue (*id.* at 415-416). Although legal conclusions and conclusions of mixed law and fact are not entitled to preclusive effect, findings of fact that are necessary for an administrative agency to reach are entitled to such effect (*see Hinchey v Sellers*, 7 NY2d 287, 293 [1959]; *Matter of Engel v Calgon Corp.*, 114 AD2d 108, 110 [3d Dept 1986], *affd* 69 NY2d 753 [1987]). The issue disputed on this appeal is whether the WCB decided a necessary issue of fact about the duration of Jose Verdugo's disability and, if so, whether the plaintiffs had a full and fair opportunity to contest the determination (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]).

The determination of the WCB should be given preclusive effect as to the duration of plaintiff's disability, relevant to lost earnings and compensation for medical expenses. The issue of continuing benefits before the administrative agency necessarily turned upon whether Jose Verdugo had an ongoing disability after a certain date, which is a question of fact, as distinguished from a legal conclusion and a conclusion of mixed law and fact.

We also find that plaintiffs had a full and fair opportunity to litigate the issue of ongoing disability in the 2006 WC proceedings. Plaintiff was represented by counsel, submitted medical reports, presented expert testimony, and cross-examined the defendants' experts regarding the issue of whether or not there was an ongoing disability.

Plaintiffs attempt to use the guardianship order in this appeal to buttress the contention that Jose Verdugo is still disabled and argue that such an order raises an issue of fact as to the duration of his disability. We disagree. The issue of plaintiff's

incapacity was not opposed at the guardianship proceeding (in which defendants were not a party) and was based on evidence presented only by plaintiffs.

PIGOTT, J. (dissenting). Following workers' compensation hearings, held in March through May 2006, a Workers' Compensation Law Judge (WCLJ) ruled that plaintiff Jose Verdugo had no "causally related disability since January 24, 2006," the date on which benefits had been stopped pending the proceeding. The WCLJ refused to credit the testimony of a neurologist and a psychiatrist that Verdugo suffered from disorders that include post-concussion syndrome, depression, and post-traumatic stress disorder, and is "totally disabled." Both experts had testified that Verdugo had extreme anxiety about walking, with one specifying that his agitation was especially strong near construction sites.

On appeal, the Workers' Compensation Board (WCB) rescinded the denial of Verdugo's claim of post-traumatic stress disorder, but denied his claims of depression and for injuries to the head, neck, and back, accepting the WCLJ's credibility determinations. The Board concluded that Verdugo "had no further disability after January 24, 2006 and no further need for treatment."

Based on the Board's ruling, defendants seek to estop Verdugo from litigating the issue of whether he "was no longer disabled after January 24, 2006," in a personal injury action. The majority holds that Verdugo is precluded from litigating the duration of his work-related disability, "relevant to lost earnings and compensation for medical expenses" (majority mem at 1037).* The majority implicitly allows that Verdugo may still litigate lost earnings and medical expenses from the accident date to January 24, 2006, as well as all *other* consequences of defendants' alleged negligence after January 24, 2006, whether it be ongoing pain and suffering, loss of enjoyment of life and his wife's claim for loss of society and companionship. I would hold that litigation may proceed on the issue of Verdugo's ability to work, as well as the other consequences of the alleged negligence.

It is well-settled that, while factual issues that are "necessarily decided in an administrative proceeding are given collateral estoppel effect[,] . . . an administrative agency's final conclusion, characterized as an ultimate fact or a mixed question of

---

* Given the WCB's determination that medical benefits are required for post-traumatic stress disorder, its ruling does not preclude litigation of that claim, as the majority appears to concede (*see* majority mem at 1036).

fact and law, is not entitled to preclusive effect" (*Akgul v Prime Time Transp.*, 293 AD2d 631, 633 [2d Dept 2002]; *see also e.g. O'Gorman v Journal News Westchester*, 2 AD3d 815, 816-817 [2d Dept 2003]). The same is true, of course, of an administrative agency's purely legal conclusions. Such ultimate conclusions "are imbued with policy considerations as well as the expertise of the agency" (*Matter of Engel v Calgon Corp.*, 114 AD2d 108, 110 [3d Dept 1986]). The majority accepts the doctrine, observing that "legal conclusions and conclusions of mixed law and fact are not entitled to preclusive effect" (majority mem at 1037); but the majority fails to apply this principle to the case before us.

Here, the WCB reached a conclusion about whether Verdugo had an ongoing physical or psychological disability, preventing him from returning to his job—and nothing more. Disability for the purposes of workers' compensation is an ultimate conclusion. The question that the Board was asked to decide, on which Verdugo's receipt of benefits depended, was whether he could return to work—a very narrow issue dependent on type of work and a claimant's present condition vis-à-vis that occupation. If that is not an ultimate conclusion, it's difficult to think what would be.

Moreover, a workers' compensation disability determination requires "great discretion in [the Board] to rule . . . based on what considerations the [Board] believes are most appropriate" (*Engel*, 114 AD2d at 110). A determination concerning work-related disability is imbued with the policy considerations of the WCB, and for that reason cannot be the basis of collateral estoppel. The decision of the WCB relieves the compensation carrier of any further payments under its policy for the time being and therefore truncates any lien recovery that might flow from the personal injury action. The suggestion that this administrative decision means anything more is misguided.

Furthermore, in my view, the disability issue itself is a mixed question of law and fact. Our analysis of mixed questions has its origins in the criminal law, where we have defined a mixed question as one in which both a question of fact and a question of law are found, "the truth and existence of the facts and circumstances bearing on the issue being a question of fact, and the determination of whether the facts and circumstances found to exist and to be true constitute [a particular legal concept] being a question of law" (*People v Oden*, 36 NY2d 382, 384 [1975] [analyzing probable cause]). The same analysis applies here.

The WCB had to reach a conclusion based on both questions of fact, such as whether Verdugo had a particular injury to the brain or body, and a question of law, namely whether the facts amounted to a disability preventing Verdugo from returning to his work. The conclusion that Verdugo was not disabled, i.e., was able to work again, is a mixed question requiring a legal determination based on the facts.

Finally, the majority's decision fails to consider the practical short-cuts in reasoning that are employed by Workers' Compensation Law judges—including here, where the WCLJ precluded one psychiatrist's testimony on technical grounds, and gave short shrift to another's because the WCLJ thought he had found an inconsistency concerning the degree to which Verdugo feared construction sites. Verdugo had visited the psychiatrist's office despite construction in progress in the vicinity. Since the expert did not claim that Verdugo becomes paralyzed when walking near construction sites, but only that he grows very anxious and frightened, there simply is no inconsistency.

As the amicus expresses it, a "simple trip . . . to a Workers' Compensation Hearing will demonstrate the wisdom of the Appellate Division majority's decision."

For all these reasons, the case law requires us to rule that the WCB's finding that Verdugo could return to work does not preclude litigation of the issue, and therefore I would affirm the Appellate Division's order. Accordingly, I respectfully dissent.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and SMITH concur; Judge PIGOTT dissents and votes to affirm in an opinion; Judge RIVERA taking no part.

Order reversed, with costs, defendants' motion to preclude plaintiffs from litigating the issue of plaintiff Jose Verdugo's accident-related disability beyond January 24, 2006 granted, and certified question answered in the negative, in a memorandum.