rather than written and did not express the informant's knowledge that a false statement would be criminal. I do not find these distinctions to be decisive.

Some common sense is in order in deciding when to infer that an informant's statements have been shown to be reliable. Where the informant claims to be the customer of a drug dealer, and is admitting to purchasing drugs from the dealer, the informant is essentially confessing to a crime. Of course, the confession is self-serving in that the informant, almost invariably, expects leniency in exchange for the information he supplies. But he cannot get the leniency by supplying false information. His best hope is to prove to the police that he can be trusted. I think these circumstances sufficiently supported an inference that the information provided by the informant here was reliable, and I therefore conclude that the warrant was properly issued.

Chief Judge Lippman and Judges Graffeo, Read, Pigott, Rivera and Abdus-Salaam concur; Judge Smith dissents and votes to affirm in an opinion.

Order modified by remitting to Supreme Court, Queens County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.

---

Maria Auqui, as Guardian of the Property of Jose Verdugo, et al., Respondents, v Seven Thirty One Limited Partnership et al., Appellants.

Submitted March 25, 2013; decided June 27, 2013

Motion by plaintiffs for reargument granted and case set down for a future session of this Court [see 20 NY3d 1035 (2013)].

Judges Rivera and Abdus-Salaam taking no part.

---

Maria Auqui, as Guardian of the Property of Jose Verdugo, et al., Respondents, v Seven Thirty One Limited Partnership et al., Appellants.

Submitted March 25, 2013; decided June 27, 2013