Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of MAX WEISS, Respondent, for Compensation under the Workmen's Compensation Law, v. BAKER-WEISS PACKING BOX COMPANY, Employer, and ROYAL INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, May 3, 1922.

**Workmen's Compensation Law — relation of parties — secretary, treasurer and general manager whose salary was not used as basis of premium for insurance cannot be awarded compensation on ground that he was doing work of superintendent, foreman or workman — failure to show separate fixed wage for work as officer and laborer.**

The secretary, treasurer and general manager of a corporation who was injured while performing the work of a workman is not entitled to an award of compensation where the policy of insurance provided that the premium was based

on the entire remuneration earned during the policy period by all employees and purported to cover the officers of the corporation who were actually performing such duties as are ordinarily performed by a superintendent, foreman or workman, but in fixing the premium for the policy in question the salary received by the claimant was expressly excluded in determining the basis.

Furthermore, the claimant on the hearing did not show that any separate compensation or fixed wage was made for his work as an officer and for his work as a laborer, though on a rehearing after the award was reopened he did show the wages of a workman doing the work in which he was engaged at the time of the injury, but the figure then given was not the result of any contract made with his own corporation by himself as executive officer before the fact, but by an allotment or allocation after the injury had occurred, and for the purposes of this proceeding.

COCHRANE, P. J., and HINMAN, J., dissent.

APPEAL by the defendants, Baker-Weiss Packing Box Company and another, from a decision and award of the State Industrial Commission, dated the 7th day of September, 1920, and from a decision and award of the State Industrial Board, dated the 9th day of May, 1921.

*Frank J. O'Neill* [*Barnett Cohen* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* and *Frederick H. Cuningham* of counsel], for the respondents.

KILEY, J.:

The Baker-Weiss Packing Box Company is engaged in the business of buying, selling and repairing packing boxes in New York city. It is a corporation with a capital stock of $2,200. On the 13th day of August, 1919, the claimant was its secretary, treasurer and general manager. He owned about one-half of the stock. Its place of business consisted of a yard where the packing boxes were kept and tiered up, and in the yard was an office. On the day aforesaid claimant was on a ladder to take down a packing box, when a round in the ladder broke and he fell to the ground, breaking his left leg below the ankle, suffering an injury which the State Industrial Board, upon sufficient evidence, has found amounted to a loss of seventeen-twenty-fourths of the useful function of that foot, and made an award accordingly. The injury is not disputed, the contention being that claimant is not covered by the policy issued to his company. The policy contains the following provision: "A. The premium is based upon the entire remuneration earned, during the policy period, by all employees of this employer engaged in the business operations described in said declarations together with all operations necessary, incident or appurtenant thereto, or connected therewith whether conducted at such work places or elsewhere in connection therewith or in relation thereto; excepting however, the remuneration of the president, any vice president,

secretary or treasurer of this employer, if a corporation, but including the remuneration of any one or more of such designated officers who are actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman." To reach a basis for the premium charge, an auditor of the insurance carrier goes over and audits the payroll of the insured. Such audit was made of the payroll of this corporation. One driver and the manufacturing and selling and buying of this corporation was included in such audit, but it contains this entry: " Two officers, $3,000. Officers not included in charge." Claimant thought to, and tried to bring himself under the provisions of section 54, subdivision 6, of the Workmen's Compensation Law (as added by Laws of 1916, chap. 622). At the first hearings, without an attorney and without understanding the force of the decision in *Matter of Skouitchi* v. *Chic Cloak & Suit Co.* (230 N. Y. 296), claimant swore that he had a drawing account of fifty dollars a week from which he drew the fifty dollars each week including the time he was disabled, and while he gave evidence of work he did as superintendent and laborer at the same time he was performing the duties involved in his capacity as an officer, he did not show that there was a separate compensation or fixed wage for each, and did not swear to any fixed sum outside of the fifty dollars he drew from the allowance because of his position in the corporation as its executive officer, which seems to be necessary under the ruling in *Matter of Kolpien* v. *O'Donnell Lumber Co.* (230 N. Y. 301). He was denied an award, but later the case was reopened, and an attorney appeared for him. It then appeared that he was paying a workman in the yard twenty-five dollars or thirty dollars a week. By a process of reasoning or unreasoning, he then claimed that his compensation for general manager and laborer, etc., was thirty dollars a week. This figure was not the result of any contract made with his own corporation by himself as its executive officer before the fact, but by an allotment or allocation after the injury had occurred, and for the purposes of this proceeding. There is no doubt in my mind but what this corporation understood that by excluding the officers, the premium would be less than if included, and that now the claimant is seeking the benefit of a protection for which the corporation did not pay.

The facts cannot be changed, and the award should be reversed and the claim dismissed, with costs.

All concur, except COCHRANE, P. J., and HINMAN, J., dissenting.

Award reversed and claim dismissed, with costs against **the** State Industrial Board.