In the Matter of the Claim of CHRISTINA YOUNGMAN, against TOWN OF ONEONTA et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

*Workmen's compensation — town superintendent of highways killed in discharge of duties — claim against town dismissed.*

*Matter of Youngman v. Town of Oneonta,* 204 App. Div. 96, affirmed.

(Argued April 18, 1923; decided May 8, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 10, 1923, reversing an award of the state industrial board and directing dismissal of a claim under the Workmen's Compensation Law. Claimant's intestate was superintendent of highways of the town of Oneonta. While in the performance of his duties as such he received personal injuries from which he died. The Appellate Division dismissed the claim on the ground that intestate was not the agent or servant of the town.

*Carl Sherman,* Attorney-General (*E. C. Aiken* of counsel), for appellant.

*George L. Bockes* for claimant.

*Edward P. Mowton* for respondents.

Order affirmed, with costs against state industrial board; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN and ANDREWS, JJ. Dissenting: HOGAN and CRANE, JJ.

---

In the Matter of the Claim of MAX WEISS against BAKER-WEISS PACKING BOX COMPANY et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

*Workmen's compensation — when officer of corporation not entitled to compensation for injury received in performance of duties — insurance — failure to include salary of officer in total remuneration of employees upon which basis premium is fixed.*

*Matter of Weiss v. Baker-Weiss Packing Box Co.,* 201 App. Div. 97, affirmed.

(Argued April 18, 1923; decided May 8, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

May 3, 1922, reversing an award of the State Industrial Board and directing dismissal of a claim under the Workmen's Compensation Law. Claimant was secretary, treasurer and general manager of defendant packing box company and owned about one-half of its stock. While in the performance of his duties he was injured and seeks compensation therefor. The Appellate Division directed a dismissal of the claim upon the ground that the salary of claimant was not included in the total remuneration of employees upon which the premium of the insurance carrier was based.

*Carl Sherman, Attorney-General (E. C. Aiken* of counsel), for appellant.

*Barnett Cohen* and *Frank J. O' Neill* for respondents.

Order affirmed, with costs against state industrial board; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Claim of ROSE BRISKIN, Appellant, against MORRIS HYMAN et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's Compensation Law — claim dismissed on ground of insufficiency of evidence that at time of accident deceased was engaged in regular course of employment.*

*Matter of Briskin* v. *Hyman,* 203 App. Div. 275, affirmed.

(Argued April 18, 1923; decided May 8, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 15, 1922, reversing an award of the state industrial board and directing dismissal of a claim made under the Workmen's Compensation Law. Claimant's decedent, the temporary or substitute manager of a garage in Brooklyn, died as the result of burns received in a fire which destroyed the garage at about two-thirty A. M. There was evidence that decedent went to the garage on the night in question to sleep there rather than