OPINION OF THE COURT
Levine, J.
Under Workers’ Compensation Law § 54 (6), one or two executive officers who own all of the issued and outstanding stock of a corporation and hold all of the executive offices “shall be deemed to be included in the compensation insurance contract * * * unless the officer or officers elect to be excluded from the coverage of this chapter.” The issue presented here is whether an election to exclude such executive officers from “coverage under this chapter” also eliminates a corporation’s coverage for third-party claims arising from injuries to those officers under the Employers’ Liability portion of the same compensation insurance contract. For the reasons that follow, we conclude that it does.
Thomas Murray, along with his brother Timothy, owned all of the issued and outstanding stock of T & T Murray Company, Inc., a small sheet metal and roofing company. The brothers served as the only corporate officers and worked as forepersons, sheet metal fabricators and roofers for T & T, although there were additional employees. T & T purchased a Workers’ Compensation and Employers’ Liability policy from the State *199 Insurance Fund and, subsequently, elected to exclude Thomas and Timothy Murray, as executive officers, pursuant to section 54 (6). Accordingly, their salaries were not included in the payroll base T & T submitted to the Fund to calculate the single set of premiums for both forms of coverage under T & T’s policy.
Concept Construction Corp. hired T & T as a roofing subcontractor on a job for the Niagara Frontier Transportation Authority. While engaged in the roofing work, Thomas Murray was struck by a piece of lumber, causing him to fall and suffer severe injuries. He sued Concept, the general contractor, and Niagara, the owner, under Labor Law § 240 (1). Ultimately, Murray recovered almost $6 million from claimant Continental Insurance Company, Concept’s liability carrier. In turn, Concept was awarded a judgment against T & T based on common-law indemnification (see Murray v Niagara Frontier Transp. Auth., 229 AD2d 1015, 1016 [1996]).
After the State Fund denied coverage based upon T & T’s previous election to exclude the Murray brothers under the policy, Continental, as equitable subrogee to Concept’s rights against the State Fund, brought the instant claim against the State Fund in the Court of Claims. The court granted summary judgment to the State Fund, dismissing the claim. The court held that the uncontested evidence submitted on the motion indicated that T & T had a single Workers’ Compensation and Employers’ Liability policy with the State Fund well before the accident occurred and that the corporation had elected that the Murray brothers be excluded from the policy. The Appellate Division affirmed (see 290 AD2d 222) and we granted leave to appeal. We now affirm.
Continental’s position is that the statutory election contained in section 54 (6) is limited in application to Workers’ Compensation coverage. Continental bases its argument on the literal language of section 54 (6), arguing that the Murray brothers, as executive officers, elected to exclude themselves “from the coverage of this chapter,” referring solely to Workers’ Compensation coverage. We disagree.
The statutory framework, taken as a whole, does not support Continental’s position. Instead, Employers’ Liability insurance is inextricably linked to Workers’ Compensation coverage. First, the two types of coverage are jointly defined under the Insurance Law as comprehensively insuring employers, as such, for any and all types of claims for injury to or the death *200 of an employee. Thus, Workers’ Compensation and Employers’ Liability insurance are defined as “insurance against the legal liability, under common law or statute or assumed by contract, of any employer for the death or disablement of, or injury to, his employee” (see Insurance Law § 1113 [a] [15]).
Second, an insurance contract providing exclusively for Employers’ Liability coverage, without correspondingly providing Workers’ Compensation coverage, is void under Workers’ Compensation Law § 54 (4) (see section 54 [4] [providing that “(e)very contract or agreement of an employer the purpose of which is to indemnify him from loss or damage on account of the injury of an employee by accidental means, or on account of the negligence of such employer or his officer, agent or servant, shall be absolutely void unless it shall also cover liability for the payment of the compensation and for the payment into the special funds provided for by this chapter”]).
Workers’ Compensation Law § 54 (6) must be and is easily read consistently with the foregoing provisions. That subdivision is a statutory exception to the exclusion of executive officers such as the Murray brothers from the status of “employee” under the Workers’ Compensation Law (see Workers’ Compensation Law § 2 [4]). Thus, only by reason of section 54 (6), do such executive officers who do not “elect to be excluded from the coverage of this chapter” enjoy the status of employees. Here, however, once T & T and the Murray brothers elected to have Timothy and Thomas Murray excluded from “coverage under this chapter,” they were no longer employees. Therefore, concomitantly, T & T’s Employers’ Liability insurance — insuring only against liability for injuries to or death of employees— did not extend to the injury suffered by Thomas Murray, a nonemployee executive officer when the injury occurred (see Insurance Law § 1113 [a] [15], supra).
Moreover, any insurance arrangement with T & T by virtue of which Thomas Murray remained in the status of an employee for purposes of Employers’ Liability Insurance coverage, but was not an employee covered by T & T’s Workers’ Compensation insurance, would directly contradict the legislative policy embodied in Workers’ Compensation Law § 54 (4).
The pertinent language of T & T’s policy with the State Fund itself confirms the absence of Employers’ Liability coverage here for Thomas Murray’s injury. Referring to the Murray brothers, an endorsement to the policy provided that the corporation “named below has * * * elected to exclude cover *201 age for injury to the following persons who are the only executive officers and who collectively own all stock of such corporation.” Thus, the endorsement unambiguously excluded Thomas Murray, along with his brother, from all coverage under the policy and from the status as a T & T employee insofar as the policy was concerned.
Similarly, the notice of election signed by both of the Murray brothers in their corporate capacities stated that, pursuant to Workers’ Compensation Law § 54 (6), T & T “elects to exclude the [Murray brothers] from coverage under the New York Workers’ Compensation Law with respect to all the policies issued to the corporation by the insurance carrier named above” (emphasis added). Given that section 54 (4) mandates the linking of Workers’ Compensation and any Employers’ Liability coverage in a single policy, this language also indicates that the Murray brothers elected to forego all coverage — both Workers’ Compensation and Employers’ Liability — inasmuch as both were contained in the policy issued by the Fund. No reason exists for us to disregard the literal language of the notice of election to accept claimant’s argument that “all the policies” does not include Employers’ Liability coverage.
Finally, claimant does not dispute that both the Murray brothers’ salaries were never included in the payroll base the corporation submitted to the Fund to calculate the premium. The policy itself did not separately price the coverage for Workers’ Compensation and Employers’ Liability insurance and, in any event, T & T applied for both types of coverage for its employees in the single policy. Denying coverage here is consistent with holdings of earlier cases in which employers injured in the course of performance of work carried on by the enterprise were held ineligible for Workers’ Compensation in the absence of choosing to avail themselves of compensation insurance coverage pursuant to the provisions of section 54 (6) (see Matter of Lyle v Lyle Cider & Vinegar Co., 243 NY 257 [1926]; LeClear v Smith, 207 App Div 71 [1923]; Matter of Weiss v Baker-Weiss Packing Box Co., 201 App Div 97 [1922], affd 236 NY 521 [1923]).
Accordingly, the order of the Appellate Division should be affirmed, witb costs.
Chief Judge Kaye and Judges Smith, Ciparick, Rosenblatt and Graffeo concur; Judge Wesley taking no part.
Order affirmed, with costs.