Order, Supreme Court, New York County (Judith J. Gische, J.), entered December 15, 2011, which denied plaintiffs motion for summary judgment on its first cause of action for a judgment declaring that it had no duty to provide a defense or indemnification in the underlying personal injury action because *447 plaintiff properly cancelled the subject insurance policy with defendant Highrise Construction Company (Highrise) before the underlying accident occurred, unanimously reversed, on the law, without costs, the motion granted, and it is so declared.
Supreme Court found that the refusal of the Workers’ Compensation Board (WCB) to consider proof of the cancellation of the subject construction insurance policy was entitled to res judicata effect as to whether plaintiff was liable to Highrise under the policy. This was error because a cancelled policy does not cover accidents occurring after cancellation (see Zappone v Home Ins. Co., 55 NY2d 131, 136 [1982]), and here, there is overwhelming evidence of the policy’s cancellation due to Highrise’s failure to make any payments towards the insurance premium.
“Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation” (Matter of Hunter, 4 NY3d 260, 269 [2005]). Here, the determination in the workers’ compensation proceedings establishes that the doctrine of res judicata is inapplicable. The Workers’ Compensation Law Judge’s (WCLJ) decision was not “on the merits” as to whether the subject policy had actually been cancelled prior to the date of the decedent’s accident. Rather, the WCLJ precluded plaintiff from introducing evidence on the cancellation issue due to its failure to appear at one of the scheduled hearings before the WCB (see Espinoza v Concordia Inti. Forwarding Corp., 32 AD3d 326, 328 [1st Dept 2006] [“(a) prior order that does not indicate an intention to dismiss the action on the merits is not a basis for the application of the doctrine of res judicata”]). Moreover, plaintiffs subsequent application for review of the WCLJ’s decision on the grounds that the policy had been cancelled was denied by the WCB panel, based on plaintiffs failure to submit its application within 30 days after notice of the filing of the decision, as required by Workers’ Compensation Law § 23 (see Matter of Friss v City of Hudson Police Dept., 187 AD2d 94 [3d Dept 1993]).
Nor is the doctrine of collateral estoppel applicable in this case. The issue of cancellation of the policy or whether plaintiff had a duty to defend or indemnify Highrise in the underlying action was never actually litigated before the WCB (see Tounkara v Fernicola, 63 AD3d 648, 650 [1st Dept 2009]).
Although “Employers’ Liability insurance is inextricably linked to Workers’ Compensation coverage” (Continental Ins. *448 Co. v State of New York, 99 NY2d 196, 199 [2002]), coverage under the two parts may be evaluated separately (see Western Bldg. Restoration Co., Inc. v Lovell Safety Mgt. Co., LLC, 61 AD3d 1095, 1100-1102 [3d Dept 2009]; see also Preserver Ins. Co. v Ryba, 10 NY3d 635 [2008]). Accordingly, there is no basis for requiring plaintiff to defend and indemnify Highrise under the employer liability portion of the policy in an action arising from the decedent’s accident. Concur — Tom, J.E, Andrias, Friedman, Freedman and Clark, JJ. [Prior Case History: 2011 NY Slip Op 33440(U).]