In the Matter of the Claim of ADELAIDE T. FISHER, Respondent, against ONE OAK DAIRY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, September 24, 1948.

*Richards W. Hannah* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Daniel Polansky, Assistant Attorneys-General* of counsel), for Workmen's Compensation Board, respondent.

*Kelly & McDonald* for claimant-respondent.

*Per Curiam.* Appeal by employer and carrier from an award of compensation in a death action. The evidence is sufficient to support the findings of the board that the deceased employee met his death as the result of an industrial accident.

No reversible error was committed by the referee in limiting cross-examination or in the reception of evidence relative to the criminal record of the witness Sheppard. In any judicial or quasi-judicial inquiry the credibility of any witness is always a most important factor. Irrespective of section 118 of the Workmen's Compensation Law, that credibility may be attacked by proof that the witness has been convicted of a crime. Such proof may be adduced either on cross-examination or by the record of conviction. In the instant case the witness was not

asked that specific question, nor was the judgment of conviction offered in evidence, and although the referee trod close to the line of error he did not cross it. Furthermore, the record and the admissions of counsel clearly indicate that the referee was fully aware of the conviction when he passed upon the credibility of the witness.

The award should be affirmed, with costs to the Workmen's Compensation Board.

HILL, P. J., HEFFERNAN, BREWSTER, RUSSELL and DEYO, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.