[659 NYS2d 549]

PAUL F. LEE et al., Respondents, v KEVIN S. JONES et al., Appellants, et al., Defendant.

Third Department, June 26, 1997

## APPEARANCES OF COUNSEL

*Horigan, Horigan, Pennock & Lombardo, P. C.,* Amsterdam *(Krishna K. Singh* of counsel), for appellants.

*Capasso, Burns & Massaroni,* Schenectady *(Kevin P. Wicka* of counsel), for respondents.

### OPINION OF THE COURT

MERCURE, J. P.

Defendants Kevin S. Jones and Jacqueline S. Jones (hereinafter collectively referred to as defendants) engaged defendant George Batease to perform repairs to the roof of their four-family dwelling in the City of Gloversville, Fulton County. Batease was injured while performing the work, however, and he sent his wife and daughter to ask plaintiff Paul F. Lee (hereinafter plaintiff) to come over and cover the worksite with a tarp, secure a piece of drip edge with a couple of nails and collect Batease's tools and bring them home. Plaintiff agreed and while so engaged fell from a ladder, sustaining the injuries forming the basis for this action alleging common-law negligence and violations of the Labor Law. Following joinder of issue, defendants moved for summary judgment dismissing the complaint against them upon the ground, *inter alia,* that plaintiff was not an employee working on the property at the time of his accident and, as such, was not within the class of persons for whom protection is provided by the Labor Law. Supreme Court denied the motion with regard to the causes of action predicated upon Labor Law § 240 (1) and § 241 (6) and defendants now appeal.

Fundamentally, recovery under Labor Law § 200 (1), § 240 (1) or § 241 (6) is conditioned upon a showing that the plaintiff "was both permitted or suffered to work on a building or structure *and * * * was hired by someone, be it owner, contractor or their agent*" (*Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971 [emphasis supplied]; *see, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 576-577; *Marchese v Grossarth,* 232 AD2d 924, *lv denied* 89 NY2d 809). For that reason, "[a] volun-

teer who offers his [or her] services gratuitously cannot claim the protection afforded by the 'flat and unvarying duty' flowing to this special class" (*Whelen v Warwick Val. Civic & Social Club, supra,* at 971, quoting *Yearke v Zarcone,* 57 AD2d 457, 459, *lv denied* 43 NY2d 643; *see, Mordkofsky v V.C.V. Dev. Corp., supra; Pigott v State of New York,* 199 AD2d 734; *Chabot v Baer,* 82 AD2d 928, *affd* 55 NY2d 844). Therefore, if defendants succeed in establishing their claim that plaintiff merely volunteered his services to Batease, with no agreement or reasonable expectation concerning payment, the causes of action alleging Labor Law violations must fail.

Without doubt, the issue cannot be resolved on the basis of the parties' sharply conflicting evidentiary submissions on the summary judgment motion. The more useful inquiry is whether preclusive effect should be given to the prior determination of the Workers' Compensation Board denying plaintiff benefits on the basis of the Board's ultimate finding that there was no employee-employer relationship between plaintiff and Batease. We conclude that collateral estoppel should be applied so as to bar plaintiff from relitigating the issue of whether he was a mere volunteer on the day of the accident and accordingly reverse Supreme Court's order and award defendants summary judgment dismissing the complaint against them.

It is well-settled law "that the doctrines of *res judicata* and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies * * * when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 499 [citations omitted]). The Workers' Compensation Board is such an agency (*see, e.g., Vogel v Herk El. Co.,* 229 AD2d 331; *Langdon v WEN Mgt. Co.,* 147 AD2d 450). "The doctrine of collateral estoppel, a narrower species of *res judicata,* precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co., supra,* at 500 [citations omitted]). The only elements that need be established are, first, that the identical issue was necessarily decided in the prior action and is decisive in the present one and, second, that the party to be precluded had a full and fair opportunity to contest the prior determination (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664; *Ryan v*

*New York Tel. Co., supra,* at 501). The second element is not at issue here.

Implicitly conceding the applicability of the foregoing general principles, it is nonetheless plaintiffs' position that there is no basis for collateral estoppel here because the issue before the Board, whether plaintiff was an "employee" as that term is defined in Workers' Compensation Law § 2 (4), is not the same as the issue presented here, i.e., whether plaintiff was an "employed" individual within the purview of the Labor Law. Stated another way, plaintiffs' position is that, because the Workers' Compensation Law and the Labor Law apply different standards in determining an employment relationship, a determination made under the one is not conclusive as to the other. Although superficially appealing, the argument does not withstand careful analysis. The defect in plaintiffs' reasoning is that it is based upon the unwarranted assumptions that only the ultimate issue before the original tribunal may be given preclusive effect and, as a necessary corollary, that collateral estoppel cannot apply whenever the two actions or proceedings are determined on the basis of differing legal principles.

The established law is to the contrary, for the doctrine of collateral estoppel will permit *any* discrete factual issue necessarily decided in the prior action to be given preclusive effect, regardless of the over-all legal context. In fact, in *Matter of Engel v Calgon Corp.* (114 AD2d 108, *affd* 69 NY2d 753), this Court took great pains to contrast an administrative agency's final conclusion, characterized as an ultimate fact or a mixed question of fact and law and not entitled to preclusive effect (*see, supra,* at 110), with the underlying "evidentiary facts", which are entitled to preclusive effect (*compare, supra,* at 111-112, *with Ryan v New York Tel. Co., supra,* at 502-503). In this case, it is not the Board's ultimate determination of no employment relationship that is being considered for preclusive effect. Rather, the focus is properly on the underlying purely factual determinations that plaintiff and Batease had "no discussion or agreement as to remuneration" and, more importantly, crediting Batease's hearing testimony that "he asked [plaintiff] to secure the roof as a favor because he had been injured, and that the subject of remuneration was not raised or discussed". Those discrete factual findings are determinative of the present action and compel the conclusion that plaintiff was a mere volunteer and thus not entitled to the protection of the Labor Law (*see, Mordkofsky v V.C.V. Dev. Corp., supra; Whelen v Warwick Val. Civic & Social Club, supra; Pigott v State of New York, supra; Chabot v Baer, supra*).

CASEY, PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Kevin S. Jones and Jacqueline S. Jones and complaint dismissed against them.