■ **CIRINO CAIOLA**, Appellant-Respondent, v **ALLCITY INSURANCE COMPANY**, Respondent-Appellant. [684 NYS2d 266] —In an

action to recover damages for breach of an insurance contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated December 9, 1997, as denied his motion for summary judgment on the complaint, and the defendant cross-appeals from so much of the same order as denied its cross motion to consolidate this action with a prior personal injury action brought against the plaintiff insured in the Supreme Court, Westchester County (Index No. 03147/93) entitled *Caiola v Nodine,* and thereupon to vacate a judgment entered upon its default in appearing in that action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was injured when he slipped and fell in the restaurant where he was employed as a chef. Following the accident, the plaintiff applied for workers' compensation benefits, indicating that he was employed by the Pasta House of Westchester, Inc. (hereinafter Pasta House), and the Workers' Compensation Board issued an award in his favor. The plaintiff subsequently commenced the personal injury action against, *inter alia,* Venezia DiNotte, Inc. (hereinafter Venezia), and Ruth Santa Morena, a corporate officer of Venezia, alleging that they were liable for his injuries because they leased the premises where his fall took place. Venezia and its executive officers were insured by the defendant Allcity Insurance Company (hereinafter Allcity), but Allcity disclaimed coverage, on the ground that the lessees were also the plaintiff's employers. After obtaining a judgment against the lessees in the personal injury action upon their default in appearing, the plaintiff commenced this action against Allcity seeking to recover damages upon the ground that Allcity had wrongfully disclaimed coverage. The Supreme Court, *inter alia*, denied his motion for summary judgment, and we affirm.

The plaintiff contends that he established, as a matter of law, that Allcity wrongfully disclaimed coverage by submitting proof that the Workers' Compensation Board previously determined that he was employed by Pasta House rather than by Venezia. We disagree. Although it is well settled that the doctrine of collateral estoppel is applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies, including the Workers' Compensation Board (*see, Ryan v New York Tel. Co.,* 62 NY2d 494, 499; *Lee v Jones,* 230 AD2d 435), there is no indication in the record that the identity of the plaintiff's employer was a disputed issue in the Workers' Compensation proceeding, or that Allcity had a full and fair

opportunity to litigate that issue in that proceeding (*see, Jenkins v Meredith Ave. Assocs.*, 238 AD2d 477). Under these circumstances, the administrative determination finding that the plaintiff was entitled to recover workers' compensation benefits from Pasta House is not conclusive proof that the plaintiff was employed solely by that corporation (*cf., Vogel v Herk El. Co.*, 229 AD2d 331). Furthermore, in view of the conflicting documentary evidence submitted by the parties, triable issues of fact remain concerning the identity of the plaintiff's employer at the time of the accident, and the propriety of Allcity's disclaimer.

We reject Allcity's claim that the Supreme Court erred in denying its cross motion to consolidate this action with the personal injury action and thereupon to vacate the default judgment entered against the lessees in that action. Contrary to Allcity's contention, the plaintiff's failure to alert the inquest court to the possibility that Ruth Santa Morena possessed a potential affirmative defense did not constitute fraud, misrepresentation, or misconduct warranting vacatur of the judgment (*see,* CPLR 5015; *cf., Oppenheimer v Westcott,* 47 NY2d 595). Furthermore, Allcity was aware that the lessees had defaulted in the personal injury action, but took no steps to vacate the default or contest the assessment of damages at the inquest. O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.