■ CIRINO CAIOLA, as Assignee of RUTH S. MORENA and Another, Appellant, v ALLCITY INSURANCE COMPANY, Respondent. [715 NYS2d 876] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered September 14, 1999, which imposed a sanction on his attorney.

■ CIRINO CAIOLA, as Assignee of RUTH S. MORENA and Another, Appellant, v ALLCITY INSURANCE COMPANY, Respondent. [715 NYS2d 736] —In an action to recover damages for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered December 23, 1999, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof granting the defendant's motion, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court improvidently exercised its discretion in entertaining the defendant's motion for summary judgment made on the eve of trial, inasmuch as the defendant failed to demonstrate good cause for the delay in making the motion (see, CPLR 3212 [a]; Morhart v City of New York, 267 AD2d 438; Scocozza v Tolia, 262 AD2d 548). While the defendant claimed that the plaintiff's delay in complying with discovery demands necessitated its belated motion, that discovery was not, in fact, essential to the motion. Certain of the contentions made by the defendant in support of its motion were based on previously-known facts and not on information revealed in the belated discovery provided by the plaintiff. In fact, those issues had already been raised in opposition to the plaintiff's prior motion for summary judgment and, in part, on a prior appeal to this Court (see, Caiola v Allcity Ins. Co., 257 AD2d 586). Thus, the plaintiff's delay in providing discovery did not excuse

the defendant's late motion. To the extent that some of the defendant's contentions were based on the discovery provided by the plaintiff, none of that new evidence affects this Court's prior determination that there are triable issues of fact (*see, Caiola v Allcity Ins. Co., supra*).

The plaintiff failed to demonstrate good cause for his belated cross motion for summary judgment. Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.