■ In the Matter of BARTENDERS UNLIMITED, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [736 NYS2d 119] —Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 5, 2000, which assessed Bartenders Unlimited, Inc. for additional unemployment insurance contributions.

Bartenders Unlimited, Inc. provides bartenders, wait staff and other food service personnel to caterers and other clients. In an administrative proceeding concerning alleged violations of Labor Law articles 6 and 19,* the Industrial Board of Appeals (hereinafter IBA) concluded that Bartenders' workers were independent contractors and not employees. In a second administrative proceeding, which concerned Bartenders' li-

---

* Specifically, Bartenders was alleged to have violated the provisions of Labor Law article 6 regarding the timely payment of wages and the furnishing of wage statements, as well as the provisions of Labor Law article 19 regarding time and payroll records.

ability for unemployment insurance contributions for the workers, Bartenders argued that the IBA's finding that the workers were not employees was entitled to conclusive effect under the doctrine of collateral estoppel. The Unemployment Insurance Appeal Board rejected the argument and found that the workers were employees for the purposes of the Labor Law article 18 unemployment insurance provisions.

On this appeal, Bartenders argues only that the IBA's determination was entitled to conclusive effect. The doctrine of collateral estoppel is "applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies * * * when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 499 [citations omitted]). "What is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding" (*id.*, at 500) and, as the party seeking the benefit of collateral estoppel, Bartenders bears the initial burden of demonstrating identity of issue (*see, Matter of Balcerak v County of Nassau*, 94 NY2d 253, 258).

In deciding whether a Board finding that a worker was an employee for the purposes of Labor Law article 18 precluded the Division of Human Rights from concluding that the same worker was not an employee for the purposes of the Human Rights Law, this Court concluded that the issues before the two administrative agencies were not identical, relying on the distinction between "evidentiary facts" and "an ultimate fact" (*Matter of Engel v Calgon Corp.*, 114 AD2d 108, 110, *affd on opn below* 69 NY2d 753). In so concluding this Court noted that the issue of whether to give collateral estoppel effect to determinations of evidentiary facts is not particularly difficult, but "where the determination involves an ultimate fact, or more appropriately a mixed issue of fact and law, the inquiry is more troublesome. This is so because the Legislature normally vests great discretion in an agency to rule on such an issue based on what considerations the agency believes are most appropriate. Thus, agency decisions on such ultimate facts are imbued with policy considerations as well as the expertise of the agency" (*id.*, at 110). Noting that the term "employment" was not defined identically under each statute, this Court concluded that "each agency may determine which factors it considers most appropriate. Employment is an ultimate fact, as opposed to the evidentiary facts upon which the conclusion regarding employment must be based" (*id.*, at 111).

Here, too, the term "employment" is not defined identically under the relevant statutes (*compare*, Labor Law § 190 [2], [3]; § 651 [5], [6], *with* Labor Law §§ 511, 512) and, while the relevant statutes are all contained in the chapter known as the Labor Law (*see*, Labor Law § 2), the Legislature created different administrative bodies to exercise the adjudicatory authority delegated by the statutes (*compare*, Labor Law §§ 100, 101, *with* Labor Law §§ 534, 621). Accordingly, we conclude that the IBA and the Board can each determine which factors it considers most appropriate in reaching its conclusion on the mixed issue of law and fact regarding employment under the relevant statutes. In this case, the Board did not make findings of evidentiary facts which differed from those found by the IBA. Rather, based upon those evidentiary facts, the Board reached a different conclusion on the mixed question of law and fact regarding employment and, for the previously discussed reasons, we conclude that the doctrine of collateral estoppel did not preclude the Board from doing so (*see, Matter of Guimarales [New York City Bd. of Educ.—Roberts]*, 68 NY2d 989).

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs.