(April 22, 2002)

■ ERKUL AKGUL et al., Respondents, v PRIME TIME TRANSPORTATION, INC., et al., Appellants. [741 NYS2d 553] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated May 18, 2001, as (1) denied those branches of their motion which were for summary judgment dismissing the first, second, third, fourth, fifth, and seventh causes of action, (2) failed to decide that branch of their motion which was to dismiss so much of the first, second, third, fifth, and sixth causes of action as barred by the statute of limitations, and (3) granted the plaintiffs' cross motion for summary judgment on the issue of whether the plaintiffs were employees within the meaning of the Labor Law.

Ordered that so much of the appeal as seeks review of the

failure to decide that branch of the motion which was to dismiss so much of the first, second, third, fifth, and sixth causes of action as barred by the statute of limitations is dismissed, without costs or disbursements, as that branch of the motion remains pending and undecided (*see Katz v Katz,* 68 AD2d 536); and it is further,

Ordered that the order is modified by (1) deleting the provision thereof granting the cross motion for summary judgment on the issue of whether the plaintiffs were employees within the meaning of the Labor Law, and (2) deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the plaintiffs' fourth and seventh causes of action and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination as to whether the plaintiffs are employees for purposes of Labor Law article 6.

Prime Time Transportation, Inc., and its principals, Michael Kandov and Yuri Kandov (hereinafter collectively referred to as Prime Time) operated a radio-dispatched limousine service through franchise agreements with drivers. Under the franchise agreement, each driver purchased or leased a car, which the driver was responsible for maintaining and insuring. Prime Time provided a radio-dispatch service, collected and processed vouchers for the fares, and paid each driver a share of the fares after certain charges were deducted. The rights and obligations of Prime Time and its franchisees were controlled by their individual franchise agreements. The plaintiffs, a group of current and/or former drivers, commenced the action alleging, inter alia, breach of the terms of the franchise agreements and violations of provisions of Labor Law article 6.

Prime Time moved for summary judgment dismissing the Labor Law causes of action on the ground that the plaintiffs were not employees. The plaintiffs cross-moved for summary judgment on that issue. They argued that Prime Time is collaterally estopped from relitigating the issue based on a determination in 1998 by the National Labor Relations Board (hereinafter the NLRB) in *Prime Time Transp. v District Lodge 15, Intl. Assn. of Machinists & Aerospace Workers, AFL-CIO,* that Prime Time's drivers were employees, not independent contractors. Prime Time relied on two decisions by the Unemployment Insurance Appeal Board in 1995 involving claims by drivers who are not parties to this action, which determined that the drivers were independent contractors rather than employees.

The term "employee" is not precisely defined in the National Labor Relations Act, although the definition excludes independent contractors (*see* 29 USCA § 152 [3]). "Employee" is defined in Labor Law article 6 as "any person employed for hire by an employer in any employment" (Labor Law § 190 [2]). This definition excludes independent contractors, and the determination of whether an employee-employer relationship exists for purposes of Labor Law article 6 depends on evidence that the employer exercises either control over the results produced or over the means used to achieve the results (*see Bhanti v Brookhaven Mem. Hosp. Med. Ctr.,* 260 AD2d 334). In determining whether Prime Time's drivers were employees or independent contractors, the NLRB used the common-law right-of-control test.

The doctrine of collateral estoppel applies to quasi-judicial determinations of administrative agencies (*see Ryan v New York Tel. Co.,* 62 NY2d 494). There must be an identical issue which has necessarily been decided in the prior action and is decisive of the present action, and the party against whom estoppel is applied must have had a full and fair opportunity to contest the decision (*see Gilberg v Barbieri,* 53 NY2d 285, 291-292). The plaintiffs have the burden of establishing that the identical issue was necessarily decided in the administrative proceeding (*see Matter of Balcerak v County of Nassau,* 94 NY2d 253, 258).

Factual issues which are necessarily decided in an administrative proceeding are given collateral estoppel effect. However, an administrative agency's final conclusion, characterized as an ultimate fact or a mixed question of fact and law, is not entitled to preclusive effect (*see Lee v Jones,* 230 AD2d 435). The NLRB's conclusion that Prime Time's drivers were employees for collective bargaining purposes presented a mixed question of law and fact. The agency's determination was based on the considerations it deemed most appropriate and was "imbued with policy considerations as well as the expertise of the agency" (*Matter of Bartenders Unlimited,* 289 AD2d 785, 786 [internal quotations marks omitted]; *see also Matter of Engel v Calgon Corp.,* 114 AD2d 108, 110, *affd* 69 NY2d 753). The NLRB decision noted that some of the facts elicited at the hearing supported a finding that the drivers were employees while others suggested an independent contractor relationship, and it determined that the facts weighed more heavily in favor of an employee relationship.

Under the circumstances, we conclude that the Supreme Court erred in giving preclusive effect to the ultimate conclu-

sion of the NLRB that Prime Time's drivers were employees. The matter is therefore remitted to the Supreme Court, Queens County, for a determination as to whether the plaintiffs are employees for purposes of Labor Law article 6. We note that the Supreme Court, in reaching its determination, may give preclusive effect to the NLRB's determination of evidentiary facts (*see Lee v Jones, supra*).

The Supreme Court properly denied Prime Time's motion for summary judgment dismissing the plaintiffs' fifth cause of action alleging a violation of General Business Law § 349. Although the franchise agreements are private contracts, the plaintiffs' allegations concern a franchise marketing scheme with an impact on consumers at large (*see Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344). The plaintiffs satisfied the threshold requirement of showing that Prime Time exhibited "conduct that is consumer oriented" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320; *see Connolly v We-Care Distribs.*, 143 Misc 2d 637, *affd* 152 AD2d 965).

Prime Time's motion should have been granted insofar as it sought dismissal of the fourth cause of action alleging fraudulent inducement. The allegations in the complaint relate to breaches of the franchise agreement and thus sound in contract, not tort (*see S.S.I.G. Realty v Bologna Holding Corp.*, 213 AD2d 617; *Colucci v O'Brien*, 204 AD2d 257; *cf. Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954).

Prime Time also established its entitlement to dismissal of the seventh cause of action, which sought damages for breach of an assurance of discontinuance between it and the State Attorney General. The assurance of discontinuance did not provide that it may be enforced by a third-party beneficiary (*see* Executive Law § 63; *Rafferty v NYNEX Corp.*, 60 F3d 844, 849).

We decline to consider Prime Time's contention that certain of the plaintiffs' Labor Law and breach of contract causes of action and their causes of action under General Business Law § 349 are barred by the statute of limitations. As the Supreme Court did not decide this branch of Prime Time's motion, it remains pending and undecided (*see Hill Intl. v Town of Orangetown*, 290 AD2d 416; *Clark v Ferzli*, 284 AD2d 425). Ritter, J.P., O'Brien, Krausman and Adams, JJ., concur.