PETER RIGOPOLOUS, Appellant, v AMERICAN MUSEUM OF NATURAL HISTORY, Respondent. [747 NYS2d 566]

Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500; *see CRK Contr. of Suffolk v Brown & Assoc.,* 260 AD2d 530; *Matter of New York Site Dev. Corp. v New York State Dept. of Envtl. Conservation,* 217 AD2d 699, 700). The doctrine is applicable to determinations made by the Workers' Compensation Board (*see Ryan v New York Tel. Co., supra* at 499; *Caiola v Allcity Ins. Co.,* 257 AD2d 586, 587; *Langdon v WEN Mgt. Co.,* 147 AD2d 450, 452; *Lee v Jones,* 230 AD2d 435, 437).

Here, the defendant satisfied its burden of proving that the identical issue that is dispositive of the plaintiff's Labor Law § 240 cause of action was necessarily decided in a workers' compensation proceeding, and the plaintiff failed to sustain his burden of establishing that he did not have a full and fair opportunity to litigate this issue in the prior proceeding (*see Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349-350; *Ryan v New York Tel. Co., supra* at 501; *Lee v Jones, supra* at 437-438; *cf. Caiola v Allcity Ins. Co., supra* at 587-588; *Jimenez v Shippy Realty Corp.,* 213 AD2d 377, 378). Therefore, the Supreme Court correctly granted those branches of the defendant's motion which were for leave to amend its answer and for summary judgment dismissing so much of the second cause of action as alleged a violation of Labor Law § 240 (1) as barred by the doctrine of collateral estoppel.

However, the Supreme Court erred in granting those branches of the defendant's motion which were for summary judgment dismissing the remaining causes of action alleging negligence and violations of Labor Law §§ 200 and 241 (6) based on collateral estoppel. The only determination made in the workers' compensation proceeding was that the plaintiff was standing on the ground, not a ladder, when he fell and sustained injuries. The Administrative Law Judge in that proceeding expressly withheld determining whether the cause of the plaintiff's fall was idiopathic or the result of some other cause for which the defendant may be responsible under the common law or Labor Law §§ 200 and 241 (6). Because the defendant limited its argument in the record to the claim under Labor Law § 240 (1), we do not determine at this time, as a matter of law, whether collateral estoppel is applicable to those claims. The defendant, as the proponent of the motion for summary judgment, failed to sustain its burden of showing entitlement to judgment as a matter of law by eliminating all triable

issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Thus, we modify the order appealed from to reinstate the first cause of action to recover damages for negligence and so much of the second cause of action as sought to recover damages for violation of Labor Law §§ 200 and 241 (6). S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur.