■ KULWANT SINGH et al., Respondent, v CONGREGATION BAIS AVROHOM K'KRULA, Defendant and Third-Party Plaintiff-Respondent-Appellant; ROTH ROOFING, INC., Appellant-Respondent, et al., Third-Party Defendants. [752 NYS2d 380] —In an action to recover damages for personal injuries, the defendant second third-party defendant, Roth Roofing, Inc., appeals, and the defendant third-party and second third-party plaintiff, Congregation Bais Avrohom K'Krula cross-appeals, from a judgment of the Supreme Court, Kings County (Schneier, J.), entered June 15, 2001, which, upon an order dated March 6, 2000, granting the plaintiff's motion for summary judgment on the issue of liability against Congregation Bais Avrohom K'Krula, and upon an order of the same court, dated April 18, 2001, granting the motion of Congregation Bais Avrohom K'Krula to preclude Roth Roofing, Inc., from contesting its status as the general contractor and for summary judgment on its claim for common-law indemnification against Roth Roofing, Inc., and upon a jury verdict on damages awarding the plaintiff Kulwant Singh the principal sums of $250,000 for past pain and suffering and $200,000 for future pain and suffering, is in favor of the plaintiff Kulwant Singh and against them.

Ordered that the judgment is modified by adding a decretal paragraph thereto severing the second third-party action commenced by Congregation Bais Avrohom K'Krula against Roth Roofing, Inc., for common-law indemnification; as so modified, the judgment is affirmed, with one bill of costs to the plaintiff, the order dated April 18, 2001, is modified by deleting the pro-

vision thereof granting the motion of Congregation Bais Avrohom K'Krula which was for summary judgment on its second third-party action for common-law indemnification against Roth Roofing, Inc., and substituting therefor a provision denying that branch of the motion, and the matter is remitted to the Supreme Court, Kings County, for a trial on the second third-party action for common-law indemnification.

The plaintiff was injured while brick-pointing a building owned by Congregation Bais Avrohom K'Krula (hereinafter Congregation). In a subsequent proceeding before the Workers' Compensation Board (hereinafter the Board), it was determined that the plaintiff was an employee of the defendant Superior Waterproofing Co. (hereinafter Superior) and that Roth Roofing, Inc. (hereinafter Roth Roofing), was the general contractor on the job site. The plaintiff commenced this action alleging various causes of action under the Labor Law. In separate third-party actions, Congregation sought, inter alia, common-law indemnification from Roth Roofing and Superior. Congregation was granted a default judgment against Superior.

Prior to the trial, the plaintiff was granted summary judgment against Congregation on the issue of liability pursuant to Labor Law § 240 (1). At the commencement of the trial, the plaintiff was permitted to amend his complaint to add Roth Roofing as a defendant. At the same time, Congregation moved to preclude Roth Roofing from contesting its status as the general contractor, based on the Board's determination. The court, inter alia, granted Congregation's motion to preclude and for summary judgment on its claim against Roth Roofing for common-law indemnification. Following a trial on damages only, the jury awarded the plaintiff $250,000 for past pain and suffering and $200,000 for future pain and suffering.

Contrary to Roth Roofing's contention, the Supreme Court properly precluded it from contesting its status as the general contractor. Roth Roofing had ample opportunity in the proceeding before the Board to litigate the issue of its status as the general contractor. Therefore, the doctrine of collateral estoppel precludes it from relitigating the issue in this action (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659; Ryan v New York Tel. Co., 62 NY2d 494; Lee v Jones, 230 AD2d 435). As a general contractor, Roth Roofing, as well as Congregation, was liable under Labor Law § 240 (1) for the absence of proper safety equipment, regardless of fault (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500; Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179).

We agree with Roth Roofing, however, that the court erred in

granting that branch of Congregation's motion which was for summary judgment on its common-law indemnification claim. An owner or general contractor held vicariously liable under Labor Law § 240 (1) may seek common-law indemnification from the parties who are at fault (*see Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1). To obtain common-law indemnification from Roth Roofing, Congregation was required to present evidence that Roth Roofing was either negligent, or supervised and controlled the plaintiff's work (*see Reilly v DiGiacomo & Son,* 261 AD2d 318).

Congregation failed to present evidence that Roth Roofing, as a matter of law, was negligent or supervised and controlled the plaintiff's work. Roth Roofing was not precluded by the doctrine of collateral estoppel from arguing that its liability as the general contractor was purely vicarious as there was no evidence presented that the issue of its negligence or supervision and control over the plaintiff's work was addressed by the Board. Roth Roofing maintains that it merely contacted Superior about the job on behalf of Congregation and thereafter had no further contact with the project. Where more than one party might be responsible for the accident (in this case, Roth Roofing, Superior, or both), summary judgment granting indemnification against one party is improper (*see Freeman v National Audubon Socy.,* 243 AD2d 608). Accordingly, Congregation is not entitled to summary judgment on its common-law indemnification claim against Roth Roofing.

Finally, the damages awarded did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Komforti v New York City Tr. Auth.,* 292 AD2d 569; *Holland v Gaden,* 260 AD2d 604). Feuerstein, J.P., Smith, O'Brien and Goldstein, JJ., concur.