■ VEDA MCRAE, Respondent, v SEARS, ROEBUCK & CO., Appellant. [767 NYS2d 799]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Golar, J.), dated October 24, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly sustained personal injuries when she fell from a defective ladder provided to her by the defendant in order for the plaintiff to do an inventory of certain merchandise at the defendant's store. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. We reverse.

In support of its motion, the defendant presented competent evidence in admissible form that collateral estoppel effect should be given to a determination of the Workers' Compensation Board, made after proceedings to which the plaintiff was a party, finding that she had failed to demonstrate that the injuries at issue herein arose from the fall from the ladder (*see Ryan v New York Tel. Co.,* 62 NY2d 494, 499 [1984]; *Werner v State of New*

*York,* 53 NY2d 346 [1981]; *O'Connor v Midiria,* 55 NY2d 538 [1982]; *Rigopolous v American Museum of Natural History,* 297 AD2d 728, 729 [2002]; *cf. Caiola v Allcity Ins. Co.,* 257 AD2d 586, 587 [1999]; *Langdon v WEN Mgt. Co.,* 147 AD2d 450, 452 [1989]). In opposition, the plaintiff failed to raise a triable issue of fact (*see e.g. Caiola v Allcity Ins. Co., supra* at 587). Accordingly, the defendant is entitled to summary judgment dismissing the complaint (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Dorkin v American Express Co.,* 43 AD2d 877 [1974]). Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.