■ Dennis O'Gorman et al., Appellants, v Journal News Westchester et al., Respondents, et al., Defendant. [770 NYS2d 121]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated October 31, 2002, as denied their motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Dennis O'Gorman (hereinafter the plaintiff) sustained injuries when his vehicle collided with a vehicle operated by the defendant Jean Alcenat. The plaintiff and his wife subsequently commenced an action to recover damages for personal injuries against Alcenat. During discovery, the plaintiff learned that Alcenat was delivering newspapers for the defendant Journal News Westchester (hereinafter the Journal News) at the time of the accident and that Alcenat received workers' compensation benefits for his injuries. Thereafter the plaintiff filed an amended summons and complaint naming the Journal News as an additional defendant. The complaint asserted that the Journal News should be held vicariously liable for Alcenat's actions, since Alcenat was employed by the Journal News and was operating the vehicle during the course of such employment at the time of the accident. In its answer, the Journal News denied that Alcenat was an employee operating the vehicle in the course of his employment. The plaintiff moved for partial summary judgment, arguing that the Journal News was collaterally estopped from denying that it was Alcenat's employer on the date of the accident since the Workers' Compensation Board (hereinafter the WCB) already determined that an employer-employee relationship existed between Alcenat and the Journal News on that date. The Journal News opposed the motion and cross-moved for summary judgment dismissing the complaint, arguing that Alcenat was an independent contractor and that the WCB's determination was not dispositive of whether Alcenat was the Journal News' employee for vicarious liability purposes. The Supreme Court denied both the motion

and the cross motion, and the plaintiffs appeal from so much of the order as denied their motion for partial summary judgment.

The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see Rigopolous v American Museum of Natural History*, 297 AD2d 728, 729 [2002]; *CRK Contr. of Suffolk v Brown & Assoc.*, 260 AD2d 530 [1999]). Thus, the doctrine has been held to be applicable with respect to quasi-judicial determinations of administrative agencies, such as the WCB (*see Rigopolous v American Museum of Natural History, supra; Caiola v Allcity Ins. Co.*, 257 AD2d 586, 587 [1999]; *Lee v Jones*, 230 AD2d 435 [1997]). However, "[w]hile issue preclusion may arise from the determination of administrative agencies, in that context, the doctrine is applied more flexibly" (*Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276 [1988], *cert denied* 488 US 1005 [1989]). Moreover, "an administrative agency's final conclusion, characterized as an ultimate fact or a mixed question of fact and law, is not entitled to preclusive effect" (*Akgul v Prime Time Transp.*, 293 AD2d 631, 633 [2002]).

Applying the above principles to the facts of this case, the Supreme Court correctly denied the plaintiffs' motion for summary judgment. Contrary to the opinion of our dissenting colleague, *Akgul v Prime Time Transp. (supra),* supports this conclusion. In that case, the plaintiffs, a group of radio-dispatched limousine drivers, brought suit against the defendants, the principals of a limousine service, alleging that the franchise agreement between the parties violated the Labor Law. The defendants moved for summary judgment dismissing the action, arguing that the Labor Law did not apply because the plaintiffs were not "employees," but rather independent contractors. In opposition, the plaintiffs argued that the defendants were "collaterally estopped from relitigating the issue based on a [previous] determination in 1998 by the National Labor Relations Board . . . [which concluded] that [the defendants'] drivers were employees, not independent contractors" (*Akgul v Prime Time Transp., supra* at 632). The Supreme Court agreed with this contention. However, on appeal, this Court modified and stated as follows:

"[T]he determination of whether an employee-employer relationship exists for purposes of Labor Law article 6 depends on evidence that the employer exercises either control over the results produced or over the means used to achieve the results. . . .

"Factual issues which . . . are necessarily decided in an administrative proceeding are given collateral estoppel effect. However, an administrative agency's final conclusion, characterized as an ultimate fact or a mixed question of fact and law, is not entitled to preclusive effect. . . . The NLRB's conclusion that [the defendant's] drivers were employees for collective bargaining purposes presented a mixed question of law and fact. The agency's determination was based on the considerations it deemed most appropriate and was 'imbued with policy considerations as well as the expertise of the agency' (*Matter of Bartenders Unlimited,* 289 AD2d 785, 786 [2001]) . . . The NLRB decision noted that some of the facts elicited at the hearing supported a finding that the drivers were employees while others suggested an independent contractor relationship, and it determined that the facts weighed more heavily in favor of an employee relationship."

"Under the circumstances, we conclude that the Supreme Court erred in giving preclusive effect to the ultimate conclusion of the NLRB that [the defendant's] drivers were employees" (*Akgul v Prime Time Transp., supra* at 633-634).

In remitting the matter to the Supreme Court, we noted that "in reaching its determination [of whether the plaintiffs were employees for purposes of Labor Law article 6], the Supreme Court . . . may give preclusive effect to the NLRB's determination of *evidentiary* facts" (*id.* at 634; emphasis added).

Similarly in this case, the determination of the WCB was based on the considerations it deemed most appropriate. In fact, in making his determination, the Workers' Compensation Law Judge specifically stated that "[a]ll you need is actually one of the five . . . issues here, and I find that there's sufficient control here . . . by the Journal News to establish an employer/employee relationship." The WCB focused on the issue of control, and based upon the underlying facts, concluded that there was sufficient control to deem Alcenat to be a Journal News employee. The WCB's determination of sufficient control and an employment relationship was not one of pure or evidentiary facts, but rather involved a mixed question of law and fact. Therefore, such determination was not entitled to preclusive effect with respect to the issue of whether the Journal News was vicariously liable for Alcenat's actions on the day of the accident (*cf. Rigopolous v American Museum of Natural History, supra* at 729). Santucci, J.P., McGinity and Schmidt, JJ., concur.

S. Miller, J., dissents and votes to reverse the order insofar as appealed from, on the law, and grant the motion, with the following memorandum: The plaintiff Dennis O'Gorman (herein-

after the plaintiff), allegedly sustained serious personal injuries when the vehicle he was driving collided with a vehicle being driven by the defendant Jean Alcenat while Alcenat was delivering newspapers for the defendant Journal News Westchester (hereinafter the Journal News). In proceedings subsequently commenced by Alcenat before the Workers' Compensation Board of the State of New York (hereinafter the WCB), in which the Journal News participated, the WCB determined that the Journal News exerted sufficient control over the manner in which Alcenat conducted his deliveries that Alcenat was an employee of the Journal News acting within the scope of his employment when he sustained injuries in the collision with the plaintiff. In this action, the plaintiff moved for partial summary judgment on the issue of Alcenat's status as an employee of the Journal News. The Journal News cross-moved for summary judgment dismissing the complaint, arguing, inter alia, that the WCB's determination of Alcenat's employment status for purposes of determining his entitlement to benefits "is not indicative or decisive" of the issue of Alcenat's employment status for purposes of the plaintiff's claims of vicarious liability with respect to the Journal News. To the contrary, the Journal News asserted that Alcenat was an independent contractor for whom it could not be vicariously liable.

The Supreme Court denied both the motion and the cross motion. The court concluded that there was no identity of issue between the proceeding before the WCB and this action, and found that Alcenat's employment status was an issue of fact to be resolved by a jury. A majority of this Court votes to affirm that order insofar as appealed from. I disagree.

The determination of the WCB is entitled to collateral estoppel effect to preclude the Journal News from litigating the issue of Alcenat's employment status. It is settled that where proceedings are held before the WCB to resolve the issue of an injured worker's employment status, the issue is one of fact for the WCB's determination, which is entitled to collateral estoppel effect (see Besaw v St. Lawrence County Assn. for Retarded Children, 301 AD2d 949 [2003]). This Court followed this rule in Singh v Congregation Bais Avrohom K'Krula (300 AD2d 567, 568 [2002]), where a defendant in a personal injury action asserting a cause of action pursuant to Labor Law § 240 (1) was precluded from litigating its status as general contractor on the project in which the plaintiff was injured after the WCB determined the general contractor's status in administrative proceedings in which the general contractor participated. As long as the identical issue is fully and fairly contested before the

WCB (*cf. Caiola v Allcity Ins. Co.*, 257 AD2d 586, 587-588 [1999]), its quasi-judicial factual determinations are entitled to preclusive effect (*see Lee v Jones*, 230 AD2d 435 [1997]; *Vogel v Herk El. Co.*, 229 AD2d 331, 332-333 [1996]).

*Akgul v Prime Time Transp.* (293 AD2d 631 [2002]), upon which the majority relies, is not to the contrary. *Akgul* is factually distinguishable since there, this Court held that a National Labor Relations Board determination of whether certain livery cab drivers were "employees" of Prime Time Transportation, Inc. (hereinafter Prime Time), for collective bargaining purposes (*id.* at 632) was not identical to the issue of the drivers' status in their subsequent action against Prime Time for breach of their franchise agreements; these are clearly different issues (*see Abouzeid v Grgas*, 295 AD2d 376 [2002]).

Lee v Jones (*supra*), cited by the majority, actually undermines its position since there a WCB determination that the plaintiff was not an employee of the defendant (but was a mere volunteer not covered by the Labor Law) *was* given preclusive effect to bar the plaintiff's Labor Law claims in his subsequent personal injury action because the court determined that there was identity of issue. In this case, the issue determined by the WCB, that Alcenat was an employee working in the scope of his employment with the Journal News at the time of his collision with the plaintiff, is the identical issue that needs to be decided for purposes of determining whether the Journal News will be held vicariously liable for Alcernat's alleged negligence (*see Rokicki v 24 Hour Courier Serv.*, 294 AD2d 555 [2002]).

The majority holds that the WCB's determination of Alcenat's employment status is a mixed question of fact and law that is not entitled to preclusive effect. However, the majority acknowledges the corollary rule that the WCB's discrete factual findings *are* entitled to preclusive effect. Separate and apart from the WCB's ultimate determination that Alcenat was an employee of the Journal News, the WCB made a discrete factual finding that Alcenat was not an independent contractor. Whether or not Alcenat was an employee of, or an independent contractor with the Journal News, the salient issue is one of control. The WCB made discrete factual findings that the Journal News exercised sufficient control over Alcenat's deliveries that he was not an independent contractor. The Journal News has failed to persuade me that any distinct factual or legal considerations preclude the application of the doctrine of collateral estoppel herein.

The fact that the plaintiff was not a party to the proceedings before the WCB is irrelevant; it is disingenuous for the Journal

News to purport to be concerned with the plaintiff's procedural and substantive rights. Had the plaintiff's absence before the WCB been to his detriment, the argument might be more persuasive (*see Liss v Trans Auto Sys.*, 68 NY2d 15 [1986]). In this case, the WCB made the determination of employment after contested proceedings involving the party to be charged. I am not persuaded that the Journal News is entitled to a second bite of this particular apple. Accordingly, I would reverse the order insofar as appealed from and grant the plaintiffs' motion.