# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1204**
**CA 12-00382**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

JACKIE D. SCIPIO, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

WAL-MART STORES EAST, L.P. AND ANTHONY DESANTIS,
DEFENDANTS-RESPONDENTS.

---

LESLIE H. COHEN, EAST SYRACUSE (KATHLEEN STEVENSON OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

O'CONNOR, O'CONNOR, BRESEE & FIRST, P.C., ALBANY (MICHAEL P. CAVANAGH
OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered April 27, 2011. The order granted
the motion of defendants for summary judgment dismissing the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this personal injury action, plaintiff appeals
from an order granting the motion of defendants for leave to amend the
answer to assert the affirmative defenses of res judicata and
collateral estoppel and for summary judgment dismissing the complaint
based on those doctrines. We reject plaintiff's contention that those
doctrines do not apply to the facts before us. We note at the outset
that the doctrines of res judicata and collateral estoppel "are
applicable to give conclusive effect to the quasi-judicial
determinations of administrative agencies" (*Ryan v New York Tel. Co.*,
62 NY2d 494, 499; *see Yoonessi v State of New York*, 289 AD2d 998,
1000, *lv denied* 98 NY2d 609, *cert denied* 537 US 1047). Furthermore,
contrary to plaintiff's contention, defendants " 'demonstrate[d] the
identicality and decisiveness of the issue' " decided in the prior
administrative proceeding, and plaintiff failed to establish " 'the
absence of a full and fair opportunity to litigate the issue in [the]
prior . . . proceeding' " (*Parker v Blauvelt Volunteer Fire Co.*, 93
NY2d 343, 349, quoting *Ryan*, 62 NY2d at 501).

Contrary to plaintiff's further contention, Supreme Court did not
abuse or improvidently exercise its discretion in granting that part
of defendants' motion for leave to amend the answer. "Leave to amend
the pleadings 'shall be freely given' absent prejudice or surprise
resulting directly from the delay" (*McCaskey, Davies & Assoc. v New*

*York City Health & Hosps. Corp*., 59 NY2d 755, 757, quoting CPLR 3025 [b]; *see Bryndle v Safety-Kleen Sys., Inc.*, 66 AD3d 1396, 1396) and, here, plaintiff failed to establish either prejudice or surprise resulting from the delay.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court