# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1300

CA 13-00908

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

STEVEN C. RIDGE, PLAINTIFF-RESPONDENT,

                    V                    MEMORANDUM AND ORDER

ALICE GOLD, ET AL., DEFENDANTS,
AND JAY BRAYMILLER, DEFENDANT-APPELLANT.

---

SUGARMAN LAW FIRM, LLP, BUFFALO (CARLTON K. BROWNELL, III, OF COUNSEL), FOR DEFENDANT-APPELLANT.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (AARON GLAZER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered November 16, 2012. The order, insofar as appealed from, denied the motion of defendant Jay Braymiller for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion of defendant Jay Braymiller for summary judgment is granted, and the complaint against him is dismissed.

Memorandum: Plaintiff was allegedly injured when he fell from a ladder while working on an addition to a home owned by defendants Alice Gold and Susan Griesman. In a proceeding before the Workers' Compensation Board (Board), the Board concluded that plaintiff lacked credibility and that no accident had occurred as alleged by plaintiff. Plaintiff thereafter commenced this Labor Law and common-law negligence action against the homeowners and Jay Braymiller (defendant), the general contractor on the project. Defendant moved for summary judgment dismissing the complaint against him on the ground "that the action is barred by collateral estoppel." We agree with defendant that Supreme Court erred in denying his motion, and we therefore reverse the order insofar as appealed from, grant defendant's motion, and dismiss the complaint against him.

The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500). Thus, "[t]he quasi-judicial determinations of administrative agencies are entitled to collateral estoppel effect where the issue a party seeks

to preclude in a subsequent civil action is identical to a material issue that was necessarily decided by the administrative tribunal and where there was a full and fair opportunity to litigate before that tribunal" (*Auqui v Seven Thirty One Ltd. Partnership*, 22 NY3d 246, 255). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456; *see Ackman v Haberer*, 111 AD3d 1378, 1379).

Here, defendant met his burden on his motion by establishing the "identicality and decisiveness of the issue" decided in the workers' compensation proceeding (*Ryan*, 62 NY2d at 501; *see Matter of Kibler v New York State Dept. of Corr. Servs.*, 91 AD3d 1218, 1221, *lv denied* 19 NY3d 803; *Rigopolous v American Museum of Natural History*, 297 AD2d 728, 729; *see also Scipio v Wal-Mart Stores E., L.P.*, 100 AD3d 1452, 1453). In support of his motion, defendant submitted the form entitled "C-7 Notice That Right To Compensation Is Controverted" (hereafter, C-7 Notice) submitted to the Board by the workers' compensation insurance carrier, which specifically lists "[c]ausally [r]elated [a]ccident" as one of the grounds for controverting plaintiff's claim. The narrative portion of the C-7 Notice states that the insurance carrier "raise[s] the issue of causal relationship because we believe that . . . [plaintiff] has a prior work related injury involving the neck and back." Defendant also submitted copies of the decisions of the Workers' Compensation Law Judge and the Board, which confirm that the issue whether a work-related accident had in fact occurred was in controversy at the hearing on plaintiff's workers' compensation claim.

In opposition to defendant's motion, plaintiff asserted that there was no identity of issue because the sole purpose of the hearing was to determine whether an employer-employee relationship existed. Plaintiff, however, failed to attach excerpts of the hearing transcript to support his contention that the scope of the hearing was narrower than indicated on the C-7 Notice, even though it is clear from the record that he had a copy of the transcript. There is likewise no merit to plaintiff's assertion that his credibility was not "clearly raised" or otherwise placed in issue in the workers' compensation proceeding. "In any judicial or quasi-judicial inquiry[,] the credibility of any witness is always a most important factor" (*Matter of Fisher v One Oak Dairy*, 274 App Div 274, 274; *see 1515 Summer St. Corp. v Parikh*, 13 AD3d 305, 307), and it is well established that the Board "has broad authority to resolve factual issues based on credibility of witnesses and [to] draw any reasonable inference from the evidence in the record" (*Matter of Marshall v Elf Atochem N. Am.*, 285 AD2d 933, 934 [internal quotation marks omitted]; *see Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875).

Although plaintiff claimed at oral argument of this appeal that the phrase "[c]ausally [r]elated [a]ccident" on the C-7 Notice referred to medical causation only and not to the issue whether an

accident in fact occurred, he failed to raise that argument in his appellate brief or before the trial court, and thus that argument is not properly before us (*see Pellescki v City of Rochester*, 198 AD2d 762, 763, *lv denied* 83 NY2d 752). In any event, case law supports the conclusion that the phrase "causally related accident" encompasses both the happening of the accident and the causal relationship between the accident and the claimed injuries (*see Matter of Curley v Allstate Ins. Co.*, 2 AD3d 995, 996; *Matter of Wachtler v AT&T*, 285 AD2d 767, 768; *Marshall*, 285 AD2d at 934-935). Indeed, whether an accident actually occurred—when such occurrence is controverted—is a threshold factual question in a workers' compensation proceeding.

Finally, plaintiff failed to establish that he did not have a full and fair opportunity to litigate the issue whether an accident in fact occurred in the prior proceeding (*see Ryan*, 62 NY2d at 501, 503-504; *Rigopolous*, 297 AD2d at 729). Plaintiff, who was represented by counsel, had notice of the issue prior to the hearing, testified at the hearing, and had the opportunity to cross-examine the witnesses against him (*see Ryan*, 62 NY2d at 503-504; *Matter of Mordukhayev [Commissioner of Labor]*, 104 AD3d 1005, 1006; *Kibler*, 91 AD3d at 1221).

Inasmuch as the absence of an accident is dispositive of plaintiff's Labor Law and common-law negligence causes of action, we conclude that defendant "eliminat[ed] all triable issues of fact from the case," and he is therefore entitled to summary judgment dismissing the complaint against him (*Rigopolous*, 297 AD2d at 729; *see Yoonessi v State of New York*, 289 AD2d 998, 1000, *lv denied* 98 NY2d 609, *cert denied* 537 US 1047).

All concur except Sconiers and Whalen, JJ., who dissent and vote to affirm in the following Memorandum: We respectfully dissent. In our view, Supreme Court properly denied the motion of Jay Braymiller (defendant) for summary judgment dismissing the complaint against him inasmuch as defendant failed to meet his initial burden of establishing that the doctrine of collateral estoppel bars plaintiff's action against him.

There is no question that the doctrine of collateral estoppel "gives preclusive effect" to the determination of a quasi-judicial agency like the Workers' Compensation Board (Board) as long as "two basic conditions are met: (1) the issue sought to be precluded is identical to a material issue necessarily decided by the administrative agency in a prior proceeding; and (2) there was a full and fair opportunity to contest th[at] issue in the administrative tribunal" (*Jeffreys v Griffin*, 1 NY3d 34, 39; *see Staatsburg Water Co. v Staatsburgh Fire Dist.*, 72 NY2d 147, 153). Courts have discretion in deciding whether to apply the doctrine of collateral estoppel (*see Calhoun v Ilion Cent. Sch. Dist.* [appeal No. 2], 90 AD3d 1686, 1689; *Matter of Russo v Irwin*, 49 AD3d 1039, 1041), and the decision whether it is proper to do so "depends upon 'general notions of fairness involving a practical inquiry into the realities of the litigation' " (*Jeffreys*, 1 NY3d at 41, quoting *Matter of Halyalkar v Board of*

*Regents of State of N.Y.*, 72 NY2d 261, 268).  "The proponent of collateral estoppel as the basis for the granting of summary judgment has the burden of demonstrating" that both basic conditions are met (*S.D.I. Corp. v Fireman's Fund Ins. Cos.*, 208 AD2d 706, 708).  We conclude that, here, defendant failed to meet his burden with respect to the first condition, i.e., that he failed to demonstrate that the issue whether an accident in fact occurred was clearly raised and decided in a prior workers' compensation proceeding (*see Rigopolous v American Museum of Natural History*, 297 AD2d 728, 729; *see generally Jeffreys*, 1 NY3d at 39).  The record before us, which does not contain any excerpts from the transcript of the hearing on plaintiff's workers' compensation claim or the documentation relied upon by the Workers' Compensation Law Judge and the Board that decided that claim, simply does not establish as a matter of law whether that issue was "addressed and decided" in the proceeding (*Madden v Pine Hill-Kingston Bus. Corp.*, 288 AD2d 600, 601; *Capitaland United Soccer Club v Capital Dist. Sports & Entertainment*, 238 AD2d 777, 780).  Moreover, we note that the Board found in its decision "that no accident occurred *as [plaintiff] has alleged*, based on [his] lack of credibility" (emphasis added), which is not equivalent to a finding that no accident occurred at all.  In sum, we conclude that "the inadequacy of the record . . . precludes us from determining on the merits whether the doctrine of collateral estoppel should be applied" (*FTL Co. v Chase Manhattan Bank, N. A.*, 78 AD2d 628, 628).

We also conclude that there is an issue of fact with respect to the second condition, i.e., whether plaintiff had a fair and full opportunity to litigate the disputed issue before the Board (*see generally Jeffreys*, 1 NY3d at 39).  Indeed, the record establishes that plaintiff did not receive sufficient notice that his employer was challenging in the workers' compensation proceeding whether a work-related accident actually occurred (*see Jenkins v Meredith Ave. Assoc.*, 238 AD2d 477, 479).  The form entitled "C-7 Notice That Right To Compensation Is Controverted" (hereafter, C-7 Notice), which was submitted by defendant in support of his motion, did not put plaintiff on notice that his employer was challenging the issue whether an accident in fact occurred.  The C-7 Notice contains boxes that an employer may check to indicate the issues being raised in the proceeding.  Here, plaintiff's employer checked boxes titled "Employer-Employee Relationship," "Causally Related Accident or Occupational Disease," "Proper Carrier," and "General or Special Employment."  The remaining boxes—"Accident within meaning of Workers' Compensation Law," "Accident Arising Out Of and in the Course of Employment," and "Subject Matter Jurisdiction"—were left unchecked. Although plaintiff's employer raised an issue whether plaintiff's injuries were causally related to the alleged accident because of a prior work-related injury that plaintiff had sustained, we note that the issue of injury causation is different from the issue whether an accident occurred at all.  We also note that defendant failed to include in his motion submissions a copy of the transcript of the hearing, thereby preventing us from determining whether plaintiff was put on notice that his employer was controverting the issue whether the accident actually occurred.  We therefore conclude that there is a

question of fact whether plaintiff had a full and fair opportunity to litigate that issue before the Board (*see id.*).

Entered:  March 21, 2014                    Frances E. Cafarell
                                           Clerk of the Court