# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**681**

**CA 14-02229**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

BUYER'S FIRST CHOICE, INC., DOING BUSINESS AS
2.5% REAL ESTATE DIRECT, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

JOANNE SIMME, ALSO KNOWN AS JOANNE SIMME-GOOD,
DOING BUSINESS AS GOOD CHOICE,
DEFENDANT-RESPONDENT.

---

JED CARROL, DEPEW, FOR PLAINTIFF-APPELLANT.

WEISS & DETIG, GRAND ISLAND (NORTON T. LOWE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Erie County Court (Thomas P. Franczyk, J.), dated September 24, 2013.  The order, among other things, denied plaintiff's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for defendant's alleged breach of her duty of loyalty to plaintiff during the time that she sold real estate on plaintiff's behalf.  On a prior appeal, we affirmed an order that denied plaintiff's motion to dismiss the counterclaim in defendant's second amended answer for failure to state a cause of action (*Buyer's First Choice, Inc. v Simme*, 107 AD3d 1384).  We conclude on this appeal that County Court properly denied plaintiff's subsequent motion for summary judgment dismissing the same counterclaim to the extent that it alleges plaintiff's violation of Labor Law article 6, inasmuch as plaintiff failed to meet its burden of establishing as a matter of law that defendant was not an employee entitled to the protection of the statute.  " 'Employee' is defined in Labor Law article 6 as 'any person employed for hire by an employer in any employment' " (*Akgul v Prime Time Transp*., 293 AD2d 631, 633, quoting Labor Law § 190 [2]).  While we agree with plaintiff that the definition of "employee" excludes independent contractors (*see Hernandez v Chefs Diet Delivery, LLC*, 81 AD3d 596, 597; *Akgul*, 293 AD2d at 633), we reject plaintiff's further contention that it established defendant's status as an independent contractor as a matter of law.  Rather, as the court properly determined, here "the nature of the [parties'] relationship is fact sensitive and . . . presents a question for the trier of fact" (*Hernandez*, 81 AD3d at

598).

Entered:  June 19, 2015                     Frances E. Cafarell
                                            Clerk of the Court